STATE of Missouri, at the Relation of
James H. JACOBY, Relator,

v.

The Honorable Robert DEVOY, Judge
of the Ninth Judicial Circuit of
Missouri, Respondent.

No. WD 39103.

Missouri Court of Appeals,
Western District.

July 7, 1987.

James J. Wheeler, Keytesville, for relator.

Thomas C. Capps, Liberty, for respondent.

Before PRITCHARD, P.J., and LOWENSTEIN and BERREY, JJ.

## ORIGINAL PROCEEDING IN PROHIBITION

BERREY, Judge.

Relator, James H. Jacoby, defendant in the underlying action of *John Deere Company v. James H. Jacoby, No. CV386-7-CC,* pending in the Circuit Court of Linn County, seeks a writ of prohibition against respondent, the Honorable Robert DeVoy, to prevent further proceedings in a suit in replevin or claim and delivery of personal property. This court issued a preliminary rule and we now quash the writ.

On January 21, 1986, John Deere Company filed a petition for a writ of replevin alleging defendant had failed to make agreed upon payments on farm equipment in which John Deere held a perfected security interest. The underlying contract providing for the sale of the farm equipment and granting the security interest to John Deere contained the condition that relator, James Jacoby would keep the equipment in Linn County.

On March 20, a summons was issued in Linn County and was returned non est on March 22, 1986. Service by publication was had upon relator by publication with the first date of publication occurring on June 26, 1986.

On August 27, 1986, relator filed a motion to dismiss for lack of venue. A hearing was held on the motion in the Circuit Court of Linn County on September 8, 1986. At the hearing, the Sheriff of Linn County testified he began to look for the property after he received the summons dated March 20 and that he was unable to locate the property in question in Linn County. He stated he learned the property was in Chariton County.

On September 16, 1986, the court overruled relator's motion to dismiss stating:

> The Court again takes up and considers defendant's motion to dismiss for lack of venue and after reviewing Security Agreement provision wherein defendant agreed to keep subject property in Linn County, Mo., the Court finds Linn County to be the county of proper venue on June 21, 1986, the date of filing, as the county where the subject property may be found as provided in Section 508.020 RSMo.

This writ of prohibition was filed on February 11, 1987.

Relator asserts that the Circuit Court of Linn County lost jurisdiction when the property was not found within the county relying on § 508.020 RSMo 1986, which states:

> Suits commenced by attachment against the property of a person, or in replevin or claim and delivery of personal property, where the specific property is sought to be recovered, *shall be brought in the county in which such property may be found;* and in all cases where the defendant in actions in replevin or claim and delivery of personal property is a nonresident of the county in which the suit is brought, service shall be made on him as under like circumstances in suits by attachment.

(Emphasis added.)

The respondent contends that the only relevant question becomes the location of the property at the time the replevin suit was filed citing to this court's decision in *Goth v. Norman,* 693 S.W.2d 175, 178 (Mo.

App.1985). There, it was stated that "[i]n Missouri, property sought in replevin action must be in the county where suit is brought at the time it is filed." The respondent also emphasizes that under the contract, the relator agreed to keep the farm equipment in Linn County and therefore, effectively waived his defense of lack of venue for any future legal action.

It becomes unnecessary to address these assertions,[1] in view of the fact, relator waived his objection to the lack of venue based upon Rule 55.27(g)(1) by failing to make a timely motion or include the defense in a responsive pleading. *State ex rel. Bohannon v. Adolf,* 724 S.W.2d 248, 249 (Mo.App.1987). A motion setting forth the defense of improper venue must be made "within the time allowed for responding to the opposing party's pleading, or, if no responsive pleading is permitted, within twenty days after the service of the last pleading." Rule 55.27(a).

Under Rule 55.25, the relator had forty-five days after the first publication of notice to make a timely answer. The first date of publication was June 26, 1986, and the relator challenged the court's venue jurisdiction for the first time in his motion to dismiss on August 27, 1987. This was clearly out of time set by the Supreme Court Rules. "Statutes fixing venue confer a mere personal privilege which may be waived by the party entitled to assert it." *Bizzell v. Kodner Development Corp.,* 700 S.W.2d 819, 822 (Mo. banc 1985).

For this reason alone, the writ must be quashed.

All concur.

---

1. Although examination of the waiver of venue by agreement is unnecessary, this court recognizes it has been held that parties have contractually agreed to waive the personal privilege of venue when such provision is neither unfair nor unreasonable. *Gibson v. Gibson,* 687 S.W.2d 274, 276 (Mo.App.1985); *State ex rel. Marlo v. Hess,* 669 S.W.2d 291, 294 (Mo.App.1984).