Steven R. SKYLES and Teresa M.
Skyles, Plaintiffs/Appellants,

v.

Chester BURGE and Leeta Burge,
Defendants/Respondents.

No. 60294.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 21, 1992.

Thomas Carter, II, Robert C. Cook, Moser and Marsalek, St. Louis, for plaintiffs/appellants.

M. Zane Yates, St. Louis, for defendants/respondents.

SMITH, Presiding Judge.

Plaintiffs, Steven and Teresa Skyles, appeal from a judgment after summary judgment on the issue of liability and a full evidentiary trial on the issue of damages in their favor on Count IV of their petition which alleged a cause of action for declaratory judgment and from an order setting aside a judgment on Count VII which alleged a cause of action for negligence. The judgment appealed was entered after remand of a prior appeal. *Skyles v. Burge,* 789 S.W.2d 116 (Mo.App.1990). In this appeal plaintiffs allege the court erred in: (1) denying attorney's fees on Count IV; (2) denying any general compensatory damages on Count IV; and (3) withdrawing a judgment on Count VII because that count was not properly before the court during the trial. We affirm.[1]

The facts underlying this dispute are detailed in our previous opinion, *Skyles I.* This suit resulted when defendants declined plaintiffs' offer to prepay the balance on a purchase money note for a single family residence in St. Louis County. Plaintiffs purchased the residence from defendants and signed a promissory note and deed of trust, both of which were silent as to prepayment.

Plaintiffs moved for summary judgment on Count II (Breach of Contract) and Count IV (Declaratory Judgment). They claimed in Count IV a statutory right to prepay their mortgage indebtedness pursuant to

§ 408.036 RSMo 1986, and dismissed without prejudice the remaining nine counts of their petition. Defendants also moved for summary judgment. The trial court sustained defendants' motion for summary judgment on Counts II and IV and denied defendants' claim for attorney's fees. Both parties appealed. We remanded in *Skyles I* after deciding prepayment was not prohibited as a matter of law in a residential real estate transaction, where the note does not by specific language either prohibit or permit prepayment. *Skyles,* 789 S.W.2d at 120. We also held the court properly denied defendants' claim for attorney's fees because the trial court lacked jurisdiction to enter such a judgment. *Id.* at 121. We commented that our ruling was without prejudice on defendants' right to seek attorney's fees. *Id.*

On remand plaintiffs filed a new motion for summary judgment on Count IV (Declaratory Judgment) and Count VII (Negligence). They also filed an amendment by interlineation to their second amended petition which pled for special, compensatory and punitive damages. The court sustained plaintiffs' motion as to liability on Counts IV and VII and set the issue of damages for trial. At the hearing on damages, plaintiffs testified and offered the testimony of J. Bernard Kolker, an accountant and licensed real estate broker. Chester Burge testified for defendants.

The court entered the following order:

1. As to Count VII of Plaintiffs' Second Amended Petition, there was nothing before the Court on which to base an award of summary judgment, said Count VII having been previously dismissed by Plaintiffs and there being no reinstatement of that claim. Therefore, the judgment of September 11, 1990, as it pertains to Count VII (negligence per se) of Plaintiffs' Second Amended Petition, is vacated, set aside and for naught held.

\* \* \* \* \* \*

---

**1.** Portions of this opinion are taken without further attribution from an opinion of Karohl, J. which failed of adoption.

[as to Count IV]

8. From May 27, 1987, to February 27, 1991, 45 months, the differential between 9% and 12% was and is $3,234.15 ($17.87 × 45).

9. From February 27, 1991, for the balance of the loan, to wit, 25 years (300 months) less the 59 months from the inception of the loan payments at 12%, namely 241 months, the differential at 1% (10% vs. 9%) is $5,379.12 ($22.32 × 241).

10. Plaintiffs' out-of-pocket expenses for refinancing are $260 for the loan application fee and credit report at Community Federal Savings and Loan in 1987.

11. Defendants' are entitled to a 2% prepayment penalty on the principal balance existing on May 27, 1987, namely 2% of $32,122.17 or $642.44.

12. Under the law, Plaintiffs are not entitled to an award of attorney fees. *Duncan v. Townsend*, 325 S.W.2d 67 (Mo.App.1959); *Ohlendorf v. Feinstein*, 697 S.W.2d 553 (Mo.App.1985). For the same reason, Plaintiffs additional claims for damages, both compensatory and punitive, are not allowable.

In their first point plaintiffs allege: THE TRIAL COURT ERRED BY DENYING ATTORNEYS' FEES TO THE PREVAILING PLAINTIFFS WHEN THEIR CAUSE OF ACTION SOUNDED IN EQUITY AND JUSTICE DEMANDED SUCH FEES UNDER THE FACTS OF THIS CASE.

■ The law in Missouri regarding attorneys' fees is clear. They are recoverable "when authorized by statute or contract, when they are incurred due to involvement in collateral litigation, or when a court of equity finds it necessary to award them in order to balance benefits." *Ohlendorf v. Feinstein*, 697 S.W.2d 553, 557 (Mo.App.1985). *See also* § 527.100 RSMo 1986; *Washington Univ. v. Royal Crown Bottling Co.*, 801 S.W.2d 458, 468–9 (Mo.App.1990) ("costs" in a declaratory judgment action do not include attorney's fees unless plaintiffs show "special circumstances" under the "*Bernheimer* [*v. First National Bank of Kansas City*, 359 Mo. 1119, 225 S.W.2d 745] [ (1945) ] exception" or a court of equity finds it necessary to balance benefits which occurs only if very unusual circumstances can be shown). We find none of the conditions allowing for attorney's fees exist here.

Nor are plaintiffs entitled to attorney's fees in light of *Skyles I*. Therein, we merely observed defendants were not precluded from petitioning the trial court for attorney's fees. Obviously, we did not know how the case would be postured on remand or whether either party would be entitled to attorney's fees as a matter of law. Point denied.

Next, plaintiffs allege the court erred in denying them "general compensatory damages properly sought in a general prayer for relief incident to the equity case before the court." Plaintiffs prayed for "General compensatory damages in the amount of $50,000." Plaintiffs argue the court wrongly barred uncompensated personal injuries and mental anguish on the negligence count (Count VII) and "special and general damages as a result of personal injury caused as a natural and logical consequence of defendants' wrongful conduct" as well as compensatory financial damages of $71,829.40 testified to by accountant J. Bernard Kolker on behalf of plaintiffs on Count IV.

■ Plaintiffs' claims for compensatory damages on Count IV are not barred as a matter of law. The court had the authority to grant legal relief even though the case was brought as an equitable action. *See Siesta Manor, Inc. v. Community Federal*, 716 S.W.2d 835, 838 (Mo.App.1986). "[A] court of equity may award damages where they are necessary in order to do equity." *Id.* at 839. Thus, if the court's order implies plaintiffs are not entitled to general compensatory damages on Count IV as a matter of law it is erroneous. We find, however, no competent evidence to justify the award of damages other than those awarded by the court. *See Fesperman v. Silver Dollar City, Inc.*, 796 S.W.2d 384, 387–8 (Mo.App.1990). (We af-

firm correct result even where trial court gave wrong reason therefor).

■ In their second amended petition by interlineation, plaintiffs pled they experienced emotional and psychological injury and anxiety disorder as a result of defendants' actions and prayed for general compensatory damages in the amount of $50,000. Defendants did not file a motion for a more definite statement. Plaintiffs testified regarding health complaints. However, the evidence was insufficient to submit a claim for resulting medical complaints. There was no proof of necessity, reasonableness, or amount of medical services incurred as a result of plaintiffs' alleged personal injuries. *See Spica v. McDonald,* 334 S.W.2d 365, 371 (Mo.1960). Additionally, plaintiffs failed to prove by expert medical testimony that their emotional distress or mental injury which did not result in physical injury was medically diagnosed and of sufficient severity as to be medically significant. *See Bass v. Nooney Co.,* 646 S.W.2d 765, 772–3 (Mo. banc 1983).

■ Plaintiffs did not plead compensatory or resulting economic loss. They did, however, produce a witness who professed to be both an accountant and a real estate expert. He testified to alleged compensatory damages of $71,829.40. In so doing he utilized certain documents which were admitted into evidence but which plaintiffs have not chosen to file here. When an exhibit is omitted from the transcript and is not filed with the appellate court, the intendment and content of the exhibit will be taken as favorable to the trial court's ruling and as unfavorable to appellant. *Doyle v. Doyle,* 786 S.W.2d 620 (Mo.App.1990) [1]. Further our review of the testimony of the witness does not indicate that he was tendered as an expert but simply as someone who made certain mathematical computations. Additionally, he based his assessment of damages, in part at least, on a factual assumption that the value of the property had declined making refinancing impossible. There is not a shred of evidence to support that assumption and in fact the evidence appears to show that the

plaintiffs have indeed refinanced the property. The judgment provides for recovery of the difference between the original interest rate and the new refinanced rate. The witness' testimony and his opinion and calculation of the damages was fatally flawed because they were based upon a fact not established by the evidence. As such the testimony was insufficient to support any award of damages. Plaintiffs do not point to any specific item of damage to which they are entitled other than the previously discussed personal injuries and the figure asserted by the expert. We need not and will not seek to identify other possibilities of damage not called to our attention by the plaintiffs.

It is not clear that the trial court held as a matter of law that compensatory damages are not recoverable in this type of case. Its statement "Under the law" such damages are not recoverable can equally be considered a finding that under the law no such damages were proven. Whatever the court's intention the record does not establish any damages other than those awarded by the trial court. Rule 84.14 directs "The appellate court shall ... give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." Justice does not require a remand because plaintiffs were awarded all damages to which they established they were entitled.

■ Finally, plaintiffs argue the court erroneously reversed its order granting summary judgment in favor of plaintiffs on Count VII. Plaintiffs argue the negligence count was properly before the court after presentation of the evidence of damages, *citing Pike v. Pike,* 609 S.W.2d 397 (Mo. banc 1980). Pike was a court-tried case where a variance occurred at trial between pleading and proof without objection. The pleadings were deemed amended to conform to proof in accordance with Rule 55.33(b). *Id.* at 400. The petition alleged a cause of action to set aside a deed. Evidence supported a judgment to set aside on grounds not pleaded but proven without objection. Operation of Rule 55.33(b) was appropriate to an existing pleading. The

rule does not apply where there is no cause of action before the court.

 Moreover, this is a summary judgment case. Summary judgment shall be entered if the "pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 74.04(c). Plaintiffs voluntarily dismissed Count VII without prejudice and did not revive it prior to the order of summary judgment. Accordingly, the order of summary judgment was void from the inception. The subsequent hearing on the issues of damages on Count VII had no legal effect. Point denied.

Judgment affirmed.

AHRENS, J., concurs.

KAROHL, J., dissents in separate dissenting opinion.

KAROHL, Judge, dissenting.

I concur with the majority opinion in all respects except I would remand Count IV to the trial court to reconsider the matter of compensatory or resulting damages due to economic loss only. The Skyles were not entitled to proceed on the theory of negligence, Count VII, because that count was dismissed before the evidentiary hearing on damages. They are not entitled to attorney's fees nor compensatory damages which depended upon expert medical testimony where none was presented. However, compensatory damages in a declaratory judgment suit, Count IV, may be granted in conjunction with equitable relief if supported by evidence.

There was evidence which would have supported a judgment for compensatory or resulting damages if the trial court had recognized existing legal authority to consider the issue on the merits. For that reason, the possibility remains the trial court erroneously founded its judgment denying resulting damages solely on an error of law. The majority opinion concludes Skyles did not plead and did not prove general compensatory economic loss on Count IV. The trial court honored Skyles' request for actual damages which included sums which they were required to pay over a period of time, money they would not have owed if defendants had cooperated with the full prepayment contemplated in June 1987. The judgment does not, however, compensate the Skyles for the loss of earnings which would have been available if they had not been required to make the excessive payments from 1987 until the trial in 1991. The Skyles offered testimony of J. Bernard Kolker who testified he was an accountant and real estate broker. Whether as an expert or not, his testimony alluded to the fact the loss of use of money has an economic value. Collectively, the testimony of Teresa M. Skyles and Mr. Kolker would support a judgment on Count IV of general compensatory damages relating to economic loss, not considered in the judgment for actual damages. This evidence was admitted without objection. Accordingly, I would remand to the trial court for the limited purpose of allowing reconsideration of the evidence on this issue only.