# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-1118
No. 96-1119

_____

| | | |
|---|---|---|
| Farmland Industries, Inc., | * | |
| | * | |
| Appellant - Cross Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Frazier-Parrott Commodities, | * | |
| also known as Parrott | * | |
| Corporation, doing business as | * | Appeals from the United States |
| Parrott Corporation, Inc.; | * | District Court for the |
| Heinold Commodities, Inc.; | * | Western District of Missouri. |
| DeKalb Agresearch, Inc.; | * | |
| Christopher R. Parrott; Horace | * | |
| Seixas; John Dunn, | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Heinold Holdings, Inc., | * | |
| | * | |
| Appellee - Cross Appellant. | * | |

_____

Submitted:  September 13, 1996

Filed:  April 15, 1997

_____

Before BEAM, HEANEY, and JOHN R. GIBSON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Farmland Industries, Inc. brings before us another, and perhaps the final chapter in its litigation against Frazier-Parrott

Commodities, Inc. and others. The district court awarded Heinold Holdings, Inc. attorneys' fees pursuant to Farmland's contract with Heinold Commodities, Inc. Farmland argues that the attorneys' fees provision in the contract is unenforceable under Missouri law and that a party to the contract did not incur the attorneys' fees awarded. Farmland also argues that the district court used the wrong standard to determine the amount of the attorneys' fees award. Heinold Holdings cross-appeals, arguing that the district court should have awarded prejudgment interest on its attorneys' fees award. We reverse the district court's denial of prejudgment interest and affirm in all other respects.

In 1985 Farmland entered into a contract with Heinold Commodities in which Heinold Commodities agreed to facilitate commodities trades for Farmland, and Farmland agreed to pay Heinold Commodities' "costs and attorneys' fees incurred in defending against any claim brought by [Farmland] in any suit, arbitration or reparations proceeding in which Heinold [Commodities] is the substantially prevailing party."

In 1986 Farmland sued Heinold Commodities and others, accusing them of defrauding Farmland by manipulating Farmland's commodities trades. During Farmland's lawsuit, Heinold Holdings, which owned Heinold Commodities, agreed to pay Heinold Commodities' attorneys' fees. Thereafter Heinold Commodities' attorneys directly billed Heinold Holdings for all services rendered on behalf of Heinold Commodities. Heinold Commodities assigned its attorneys' fees claim against Farmland to Heinold Holdings.

Farmland's lawsuit proceeded to trial, and the district court directed a verdict in favor of Heinold Commodities at the close of the evidence. The jury returned a verdict in favor of the other defendants on all of Farmland's claims. We affirmed. Farmland

<u>Indus. v. Frazier-Parrott Commodities, Inc.</u>, 871 F.2d 1402 (8th Cir. 1989).

After prevailing against Farmland, Heinold Commodities moved for summary judgment on its claim for attorneys' fees based on its contract with Farmland. At the same time, it asked the district court to substitute Heinold Holdings for Heinold Commodities in the claim for attorneys' fees because of the assignment. Heinold Holdings asserted that it was entitled to recover $748,288.38 for attorneys' fees incurred by Heinold Commodities in defending against Farmland's lawsuit.

The district court substituted Heinold Holdings for Heinold Commodities, but denied the motion for summary judgment. After a hearing, the district court reduced the amount of attorneys' fees requested by Heinold Holdings because it determined that part of the fees were not incurred by Heinold Commodities. Relying on <u>United States ex. rel. C.J.C., Inc. v. Western States Mechanical Contractors, Inc.</u>, 834 F.2d 1533 (10th Cir. 1987), the court further reduced the attorneys' fees claimed by Heinold Holdings to an amount that it considered to be reasonable. The court awarded Heinold Holdings $516,359.30 in attorneys' fees, but denied Heinold Holdings' request for prejudgment interest on that award.

**I.**

Farmland argues that the district court erred in awarding attorneys' fees under the contract because no reasonable interpretation of the contract permits an award in this case. It argues that we should use Missouri law to interpret the contract, even though the contract states that Illinois law governs its interpretation. We will assume without deciding that Missouri law

governs our interpretation of the contract.

Under Missouri law we must enforce a contract as written and according to the plain meaning of the words in the contract when the contract is clear and unambiguous. See Cross v. Ladue Supply, Inc., 424 S.W.2d 108, 110 (Mo. Ct. App. 1967). An ambiguity exists when a contract is susceptible to more than one reasonable interpretation. See Coughenour v. Bates, 785 S.W.2d 291, 297 (Mo. Ct. App. 1990). Whether a contract is ambiguous is a question of law which we review de novo. See Jim Carlson Constr., Inc. v. Bailey, 769 S.W.2d 480, 482 (Mo. Ct. App. 1989); Slotkin v. Willmering, 464 F.2d 418, 422 (8th Cir. 1972).

Farmland acknowledges that the plain language of the contract requires an attorneys' fees award when Farmland brings any claim against Heinold Commodities and Heinold Commodities prevails. Nevertheless, Farmland argues that it is unreasonable to allow attorneys' fees in this case because its claims against Heinold Commodities had nothing to do with its contract with Heinold Commodities.

We conclude that the clear language of the contract rebuts Farmland's argument. The attorneys' fees provision is unambiguous. It gives Heinold Commodities a contractual right to recover its attorneys' fees "incurred in defending against any claim brought by [Farmland] in any suit . . . in which Heinold [Commodities] is the substantially prevailing party." (Emphasis added).

This plain language of the contract is broad enough to cover Farmland's claims against Heinold Commodities resulting from its actions facilitating the commodities trades. To hold otherwise would contradict the plain language of the contract. See Slotkin, 464 F.2d at 421-22.

We also reject Farmland's argument that following the plain language of the contract leads to an unreasonable result. Although Farmland's claims were not based on its contract with Heinold Commodities, they arose out of trades facilitated by Heinold Commodities for Farmland under the contract. The plain language of the attorneys' fees provision made it reasonably foreseeable at the time of contracting that the provision would apply in this type of case.

## II.

Farmland argues that the attorneys' fees provision violates Missouri public policy and is unenforceable. Farmland asserts that Missouri has a public policy of open access to courts[1] and that requiring Farmland to pay attorneys' fees impedes its access to the courts and penalizes it for going to court.

Missouri law permits an award of attorneys' fees in a variety of circumstances, see Skyles v. Burge, 830 S.W.2d 497, 499 (Mo. Ct. App. 1992), including when a contract provides for such an award, see Jackes-Evans Mfg. Co. v. Christen, 848 S.W.2d 553, 557 (Mo. Ct. App. 1993); Gibson v. Gibson, 687 S.W.2d 274, 277 (Mo. Ct. App. 1985). Despite this precedent, Farmland argues that it violates Missouri's public policy of open access to courts to enforce a

---

[1]Farmland contends that Missouri's public policy of open access to courts is found in section 14 of article I of the Missouri Constitution, which provides:

**Open courts--certain remedies--justice without sale, denial or delay.** That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay.

contractual attorneys' fees provision in a lawsuit unrelated to enforcement of the contract containing the provision.

We reject Farmland's argument.  Farmland has not cited, nor have we found, any case which denies an award of attorneys' fees because it violates Missouri's public policy of open access to its courts.  Indeed, such an action would be contrary to Missouri cases which have long allowed attorneys' fees awards without concern for impeding access to courts.  Cf. McPherson Redev. Corp. v. Shelton, 807 S.W.2d 203, 206 (Mo. Ct. App. 1991).

Granting an award of attorneys' fees to a successful party does not prevent any party from asserting its rights in court.  Such an award does not bar the door to the courthouse, but simply makes the losing party's trip to the courthouse more expensive.  Missouri law allows parties to provide for attorneys' fees in their contracts.  See Skyles, 830 S.W.2d at 499; Gibson, 687 S.W.2d at 277.  We hold that an attorneys' fees award in this case does not violate Missouri public policy.

We also hold that the attorneys' fees provision is not an impermissible penalty.  It is but part of Farmland's consideration supporting its contract with Heinold Commodities.  In exchange for Heinold Commodities' promise to facilitate trades for Farmland, Farmland promised to pay Heinold Commodities' attorneys' fees in the event Farmland unsuccessfully sued Heinold Commodities.  By enforcing the attorneys' fees provision, we are giving Heinold Commodities the benefit of its bargain with Farmland.

## III.

Farmland argues that it is not liable for some of the attorneys' fees awarded by the district court because some of the fees awarded were not incurred by Heinold Commodities. Under Farmland's contract with Heinold Commodities, Farmland is liable only for attorneys' fees incurred by Heinold Commodities. Farmland contends that the Heinold Commodities' attorneys directly billed Heinold Holdings for most of their fees and that Heinold Holdings, not Heinold Commodities, paid those bills and incurred those fees.

The facts of this case do not support Farmland's argument. Farmland sued Heinold Commodities, and it hired attorneys to defend Farmland's lawsuit. The district court awarded fees only for the attorneys' services rendered on behalf of Heinold Commodities. Although Heinold Holdings paid some of Heinold Commodities' attorneys' fees during the course of the lawsuit, this does not change the fact that the attorneys represented Heinold Commodities and that Heinold Commodities was liable for their fees. Thus, Heinold Commodities incurred the fees awarded by the district court. See Morse/Diesel, Inc. v. Trinity Indus., Inc., 875 F. Supp. 165, 179 (S.D.N.Y. 1994).

## IV.

Farmland argues that the district court erred in relying on United States ex rel. C.J.C., Inc. v. Western States Mechanical Contractors, Inc., 834 F.2d 1533 (10th Cir. 1987), to determine the amount of Heinold Holdings' attorneys' fees award.

In Western States the Tenth Circuit Court of Appeals held that a court should deferentially review a claim for attorneys' fees

under a contract in order to give the party contractually entitled to those fees the full benefit of his bargain and to ensure that the fees are reasonable and equitable. Id. at 1548-49. The district court carefully analyzed Western States, adopted its reasoning, and granted attorneys' fees that fell within a range that it considered reasonable and equitable.

Farmland asserts that the district court should not have followed Western States. Farmland contends that Western States should apply only to those cases in which a party seeks fees under a contract because of another party's breach of that contract. Farmland argues that because it did not breach its contract with Heinold Commodities, the district court erred in following Western States.[2]

We see nothing in Western States that supports Farmland's argument. Western States involved claims brought by subcontractors against the prime contractor and its bonding company under the Miller Act. Id. at 1536. While Western States refers to the situation where contracting parties have agreed that a breaching party will be liable for attorneys' fees, it goes on to state that the purpose of the award is to give the parties the benefit of the bargain and that the court's responsibility is to enforce that bargain. Id. at 1547-49. We do not see anything in the Western States opinion that limits attorneys' fees claims to breach of contract cases. Certainly, there is nothing in Western States that limits the award of attorneys' fees in a case such as this, where the contract clearly refers to any claim and any suit, and Farmland's suit arose from the work that Heinold Commodities

---

[2]Farmland has not argued that the district court should have used state law to determine the amount of attorneys' fees to award under the contract.

-8-

contracted to do.  We reject Farmland's attempt to limit <u>Western States</u> to only attorneys' fees claims that are a result of a breach of contract.

**V.**

Heinold Holdings cross-appeals the district court's denial of prejudgment interest on its attorneys' fees award.  Heinold Holdings argues that Missouri law requires prejudgment interest in this case.

The parties agree that Missouri law governs whether Heinold Holdings is entitled to prejudgment interest on its contractual claim for attorneys' fees.  Under Missouri law "[c]reditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts . . . ."  Mo. Rev. Stat. § 408.020 (1994).  A court must award prejudgment interest when section 408.020 applies.  <u>See</u> <u>Slay Warehousing Co. v. Reliance Ins. Co.</u>, 489 F.2d 214, 215 (8th Cir. 1974) (per curiam).  The general rule is that section 408.020 applies when the amount due on a party's contract claim is liquidated, that is, fixed or certain.  <u>See</u> <u>Catron v. Columbia Mut. Ins. Co.</u>, 723 S.W.2d 5, 6 (Mo. 1987); <u>Dierker Assocs. v. Gillis</u>, 859 S.W.2d 737, 746 (Mo. Ct. App. 1993).  This general rule is based on the idea that a party should be liable for prejudgment interest only when that party knows the exact amount owed.  <u>See</u> <u>Fohn v. Title Ins. Corp.</u>, 529 S.W.2d 1, 5 (Mo. 1975).

Missouri courts, however, have subjected this general rule to various interpretations and exceptions.  <u>See</u> <u>Catron</u>, 723 S.W.2d at 6; <u>Vogel v. A.G. Edwards & Sons, Inc.</u>, 801 S.W.2d 746, 757 (Mo. Ct.

App. 1990)("[A]s has been pointed out and demonstrated, the exceptions to the liquidation rule are legion.")(quotation omitted). One exception requires prejudgment interest on unliquidated claims for the reasonable value of services rendered. See Denton Constr. Co. v. Missouri State Highway Comm'n, 454 S.W.2d 44, 59-60 (Mo. 1970). When a party is liable for the reasonable value of services, he is under a legal duty to liquidate the sum due and must pay interest from the time he should have paid the claim. See id. at 60. This exception applies when a party is liable for the reasonable value of services rendered by an attorney. See Laughlin v. Boatmen's Nat'l Bank, 189 S.W.2d 974, 979 (Mo. 1945). Even though the claim is unliquidated in the sense that the amount due is to be measured and determined by the standard of the reasonable value of the attorney's services, a court must grant prejudgment interest on that claim. See id.; see also Catron, 723 S.W.2d at 7 (discussing Laughlin). The Missouri Supreme Court has carved out this exception because prejudgment interest has traditionally been used to compensate a party for the loss of the use of money to which the party was entitled. See Catron, 723 S.W.2d at 7.

We conclude that this case falls within this exception to the general rule and requires an award of prejudgment interest on Heinold Holdings' claim for attorneys' fees. The contract in this case gives Heinold Holdings a claim for the reasonable value of the services rendered by Heinold Commodities' attorneys. Indeed, the district court reduced Heinold Holdings' claim for attorneys' fees to a reasonable amount. The Missouri Supreme Court has held that a party is entitled to prejudgment interest on an unliquidated claim for the reasonable value of services rendered. See Denton, 454 S.W.2d at 59-60; Laughlin, 189 S.W.2d at 979-80. Therefore, we must grant Heinold Holdings prejudgment interest on its attorneys' fees award.

We reverse the district court's denial of prejudgment interest on Heinold Holdings' award of attorneys' fees and remand to the district court for calculation of Heinold Holdings' prejudgment interest.  We affirm the judgment of the district court in all other respects.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.