# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4292

_____

Jack R. Hammack; Shirley O.
Hammack,

      Plaintiffs - Appellees,

v.

Cadiz Land Company, Inc.,

      Defendant - Appellant.

\*    Appeal from the United States
\*    District Court for the
\*    Western District of Missouri.
\*
\*    **[UNPUBLISHED]**

_____

Submitted: June 18, 1998
Filed: June 26, 1998

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jack R. and Shirley O. Hammack filed the instant diversity action against Cadiz Land Company, Inc. (Cadiz), and numerous others, asserting state law claims for common law fraud and negligent misrepresentation in connection with the sale and management of certain property the Hammacks purchased from Cadiz's corporate predecessor. Cadiz moved for summary judgment, asserting, among other things, that the action was barred by two settlement agreements the Hammacks had executed with

Cadiz's predecessor.  The Hammacks later moved under Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss Cadiz with prejudice; Cadiz, in turn, moved

for an award of attorney's fees and non-taxable costs, asserting that it was entitled to a fee award under the prior settlement agreements. The district court[1] granted the Hammacks' motion to dismiss Cadiz with prejudice; denied Cadiz's motions for attorney's fees, non-taxable costs, and sanctions; and denied Cadiz's summary judgment motion as moot. Cadiz appeals that portion of the court's order denying its request for fees and costs.

In a diversity case, we follow state law regarding the award of attorney's fees, absent conflict with a federal statute or court rule. See Lamb Eng'g & Constr. Co. v. Nebraska Pub. Power Dist., 103 F.3d 1422, 1434 (8th Cir. 1997). Missouri law permits an award of attorney's fees that is authorized by contract. See Skyles v. Burge, 830 S.W.2d 497, 499 (Mo. App. 1992) (describing bases under Missouri law for recovery of attorney's fees). However, we have carefully examined the relevant provisions of the settlement agreements and agree with the district court that they do not authorize an award of attorney's fees to Cadiz as a result of the voluntary dismissal of the Hammacks' claims with prejudice. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE ORTRIE D. SMITH, United States District Judge for the Western District of Missouri.