**Pierre L. PAPIN, Jr. et al., Appellants,**
**and**
**St. Louis Union Trust Company, Appellant,**

**v.**

**Allen Cottrell Ashley PAPIN et al.,**
**Respondents.**

**No. 55866.**

Supreme Court of Missouri,
Division No. 2.

Jan. 10, 1972.

Isaac C. Orr, Laura Andreas, St. Louis, for appellants, Pierre L. Papin, Jr., Gerard A. Papin, and Nicholas B. Papin.

R. H. McRoberts, R. H. McRoberts, Jr., St. Louis, for appellant, St. Louis Union Trust Co.

Orville Richardson, St. Louis, for respondents.

STOCKARD, Commissioner.

This is an appeal from the judgment of the Circuit Court of St. Louis City allowing attorneys' fees to respondents in the amount of $17,500. The notice of appeal was filed prior to September 11, 1970, the effective date of § 477.040, V.A.M.S., which was also prior to the effective date of the current provisions of Art. V, § 3, Constitution of Missouri, V.A.M.S. Appellate jurisdiction is in this court. Art. V, § 31 Constitution of Missouri.

A detailed statement of the facts giving rise to this litigation is set forth in Papin v. Papin, Mo., 445 S.W.2d 350, but a summary thereof is essential to an understanding of the issues here presented.

Harry E. Papin, Sr. created two trusts wherein it was provided that after his death the income was to be paid to his widow during her lifetime and then to his two sons, Pierre and Harry, Jr. At the death of a son, one half of the corpus of the trust estates was to be paid to his "descendants," if any, and if none then to the descendants of the grantor.

Pierre Papin died in 1964, and one half of the corpus of each trust was divided between his three sons, Pierre, Jr., Gerard, and Nicholas. Harry Papin, Jr. and Grace Papin, his wife, had no children. But, on June 18, 1964, by decree of the Circuit Court of the City of St. Louis they adopted Allen Cottrell Ashley, then age 22, who was a nephew of Grace Papin. Harry Papin, Jr. died on July 15, 1964. Thereafter, Allen Cottrell Papin made demand on St. Louis Union Trust Company, the trustee, for disposition to him of the corpus of the trusts of which Harry E. Papin, Jr. had been the life tenant.

Suit was filed by Pierre, Gerard and Nicholas Papin in which they sought a construction of the trust agreements and instructions to the trustee as to the proper distribution of the trust estates. They also sought to have the adoption of Allen Cottrell Papin set aside as having been made by reason of undue influence, coercion, and fraud. The trial court held that Allen Cottrell Papin was not a "descendant" of Harry Papin, Jr. to qualify him to receive that share of the corpus of the trusts of which Harry Papin, Jr. was life tenant. The count in which the adoption was challenged was dismissed by the trial court, and the plaintiffs did not appeal from that judgment. Allen Cottrell Papin appealed from that part of the judgment adverse to him, and the judgment of the trial court was affirmed. Papin v. Papin, Mo., 445 S.W.2d 350.

In plaintiffs' petition and in the answer of the trustee in the suit above referred to, an allowance for attorneys' fees was requested. At the conclusion of the trial the court made an allowance to the trustee for attorneys' fees for services "through the dates of the hearing of this case," and in its judgment the trial court retained jurisdiction "for the purpose of determining the issues related to an allowance [to named counsel] as attorneys for plaintiffs in connection with the institution and prosecution of this action, including the fixing of the amount of such allowance, said amount to be paid out of the corpus of the trust." The effect of this was to order a separate trial on all issues except those retained, Civil Rule 66.02, V. A.M.R., and to constitute the judgment entered thereon a separate judgment for purposes of appeal. Civil Rule 82.06, V.A.M. R. Defendants made no request for the allowance of attorneys' fees in their pleadings or by motion to the court. Upon affirmance by this court of the judgment of the trial court that Allen Cottrell Papin was not entitled to the corpus of the trusts of which his adoptive father was life tenant, the mandate, in its material parts, provided that "the judgment * * * by the said Circuit Court of the City of St. Louis be in all things affirmed and stand in full force and effect, * * *."

After the mandate of this court was received by the trial court, the defendants, other than the trustee, requested and obtained permission to amend their answer to ask for attorneys' fees and expenses, and after a hearing the trial court allowed them attorneys' fees in the amount of $17,500 and expenses in the amount of $1,148.75 to be paid from the corpus of the trusts. This is an appeal from the judgment making that allowance.

Appellants first contend that in the circumstances of this case the trial court had no jurisdiction to permit respondents "to amend their answer to include a request for allowance of attorneys' fees," and also that the mandate of this court is controlling and it provided no basis for the trial court to make an allowance for attorneys' fees to respondents. Assuming this contention to be correct as to the allowance of attorneys' fees, it would also apply to the allowance of $1,148.75 for expenses. However, we note that appellants' contention on this appeal is limited to the allowance of attorneys' fees.

We are of the opinion that the trial court was without authority to award attorney fees under the circumstances of this case.

The judgment of the trial court, in its parts material to the issues now being considered, was that (1) the trustee should pay the undistributed income and corpus of each trust to plaintiffs in equal shares; (2) the count challenging the adoption was dismissed; (3) the trustee was allowed counsel fees to be paid from the trust estates; and (4) "the Court will retain jurisdiction of this cause for the purpose of determining the issues related to an allowance to Isaac C. Orr, Henry B. Pflager and Laura Andreas for compensation for their services as attorneys for plaintiffs in connection with the institution and prosecution of this action, including the fixing of the amount of such allowance, said amount to be paid out of the corpus of the trust." The mandate of this court was that "the judgment aforesaid, in form aforesaid, by the said Circuit Court of the City of St. Louis rendered, be in all things affirmed, and stand in full force and effect, and that the said respondents [plaintiffs] recover against appellants [defendants] their costs and charges herein expended and have therefor execution."

"Where the case is decided on appeal on its merits and no issue after rescript is raised on the record, the only function of the trial court is to enter a final decree in implicit accordance with the mandate of the appellate court." 5B C.J.S. Appeal and Error § 1978, p. 616. In this case the trial court needed only to file the mandate; no further decree by it was re-

quired because the direction of the mandate was that the judgment previously entered by the trial court "be in all things affirmed and stand in full force and effect." By reason of that judgment, the trial court had the "power and duty to enforce it, by execution or otherwise, as it finally stands or should stand, without variation; and where the judgment in the lower court definitely determines the rights of the parties, and it is affirmed, any subsequent orders or adjudications in the cause must be confined to those necessary to execute the judgment." 5B C.J.S. Appeal and Error § 1977, p. 614.

■ The award of attorneys' fees to defendants to be paid from the corpus of the trusts violated the terms of the mandate. The judgment, which was affirmed, provided that the entire corpus of the trusts be paid by the trustee to plaintiffs after certain specified allowances, if requested, which did not include an allowance to defendants for attorneys' fees. But the trial court, by awarding to defendants attorneys' fees to be paid from the corpus of the trusts, directed that the trustee should first pay $17,500 to defendants from the corpus of the trusts and then pay the remainder to plaintiffs.

Defendants rely primarily on Jesser v. Mayfair Hotel, Inc., Mo., 360 S.W.2d 652, and Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184.

The Jesser case is not helpful to defendants. There the judgment of the trial court ordered a certain disposition of a trust, and as stated at 360 S.W.2d at p. 656, "the trial court by consent of the parties and as a part of its judgment retained jurisdiction to receive and consider an application by any party for allowance of attorneys' fees and expenses incurred in connection with the litigation." On appeal the judgment was reversed and the cause remanded with directions. Jesser v. Mayfield Hotel, Inc., Mo., 316 S.W.2d 465. Subsequently, plaintiffs requested the allowance of attorneys' fees, and in answer

to the contention that the circuit court did not by reason of the mandate have further jurisdiction to entertain the application, this court said, at 360 S.W.2d at p. 656, that there was no issue before the supreme court as to fees and expenses in the previous appeal, 316 S.W.2d 465, and the directions in the opinion and mandate "did not deprive the circuit court of its jurisdiction and power to hear and determine the application for allowances of fees and expenses to plaintiffs' attorneys." Defendants argue that while the circuit court in the Jesser case specifically retained jurisdiction to hear applications for attorneys' fees, "that was not the basis of this court's decision," but that it was based upon the "broad power of an equity court in the circumstances to hear and determine applications for fees and expenses." We do not agree with this contention. This court recognized the right of the trial court to hear applications for attorneys' fees when it had jurisdiction of the matter, and it held that it had jurisdiction because for purposes of appeal that issue had been separated from the other issues which were the subject of the first appeal.

The Sprague case also does not aid defendants. We should first consider Kansas City S. R. Co. v. Guardian Trust Co., 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659. In that case the United States Supreme Court had previously affirmed a decree which required the "taxation of costs * * * under the principles, rules and practice in equity." Concerning the refusal of the trial court to allow attorneys' fees, the Supreme Court said:

Did the mandate of this court authorize the District Court to make any allowance in favor of the Trust Company on account of attorneys' fees and other expenses to be taxed as costs between solicitor and client?

The decree here affirmed required the 'taxation of costs * * * under the principles, rules, and practice in equity.' It undoubtedly covered ascertainment of

amounts taxable between party and party. There was no specific reference to any additional allowance. The language used disclosed no intention to require more than the usual taxation.

After pointing out that the decree entered was "intended to be an end of the whole matter," the court held that "The mandate required the execution of the decree. The District Court could not vary it or give any further relief."

We turn now to a consideration of the Sprague case. In that case the plaintiff successfully prosecuted litigation at her expense and established the right of recovery in relation to fourteen other trusts in situations like her own. She then requested the court to allow her attorneys' fees to be paid out of the proceeds of bonds to secure the trusts. The district court denied the request on the basis that after it received the mandate of the appellate court it had no function to perform "other than to carry out the mandate," which affirmed the district court and authorized payment to plaintiffs of "their taxable costs." It was pointed out that the application for such fees was disallowed by the district court because such an award was deemed "beyond the power of the District Court," but the Supreme Court held that the "allowance of such costs [attorneys' fees] in appropriate situations is part of the historic equity jurisdiction of the federal courts." The court then held that while the district court was bound to carry the mandate into execution and could not consider questions which the "mandate laid at rest," it could consider matters not within the compass of the mandate, and that disposition by the mandate of a claim for attorneys' fees could be implied "only if a claim for such costs was necessarily implied in the claim in the original suit." It then held the claim was "sufficiently different from that presented by the ordinary questions regarding taxable costs that it was impliedly covered neither by the original decree nor by the mandates, and that neither constituted a bar to the disposal of the petition below on its merits."

The result of the Sprague case is that in "exceptional cases and for dominating reasons of justice" such allowances as "costs" are permitted in the federal courts. But, the Kansas City S. R. Co. case makes it clear that absent such factors, the allowance of costs does not include an allowance for attorneys' fees, and that the mandate of the appellate court cannot be modified or changed by the lower court. We note, however, that regardless of the federal rule as to costs, that term has not been construed to include attorneys' fees in this state, except possibly where authorized by statute. But, in any event, in the pending case costs were not allowed on appeal to defendants but were allowed to plaintiffs. Even under the exceptional circumstances of the Sprague case, defendants not having been awarded costs could not be allowed attorneys' fees as part thereof.

That part of the judgment awarding attorneys' fees is reversed.

BARRETT and PRITCHARD, CC., not participating.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.