**Stanley M. ROSENBLUM, Trustee, Plaintiff-Appellant,**

v.

**Patrick GIBBONS, et al., Defendant-Respondent.**

No. 50216.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 28, 1986.

Motion for Rehearing and/or Transfer Denied March 11, 1986.

Merle L. Silverstein, Perry B. Newman, St. Louis, for plaintiff-appellant.

John L. Sullivan, Lawrence J. Lee, St. Louis, for defendant-respondent.

SNYDER, Judge.

This is an appeal by plaintiff trustee from a judgment of the trial court awarding attorney's fees to the counsel for one of the defendant beneficiaries. The original action was for a declaratory judgment to determine which of two trust indentures was valid. The determinative issue is whether the trial court had jurisdiction to award attorney's fees after the cause had been appealed and the appellate court's mandate had been issued. This court holds that it did not and reverses the judgment.

The cause was tried to the court which ruled that a trust indenture executed in 1981 was an amendment and restatement of a trust indenture executed in 1978. The trial court determined that appellant Stanley M. Rosenblum was the trustee of the trust estate and that he should administer and distribute the corpus of the trust as directed by the trust instruments. The trial court also awarded attorney's fees in the amount of $1,500 to a guardian ad litem for a minor child named as a defendant in the declaratory judgment action.

The judgment was appealed to this court and affirmed in all respects in an opinion handed down on December 31, 1984. *Rosenblum v. Gibbons*, 685 S.W.2d 924 (Mo.App.1984). The mandate was issued on April 3, 1985.

Respondent Antoinette Gibbons filed a petition for attorney's fees and expenses on February 3, 1985 in the declaratory judgment action in the circuit court. Without question the trial court had no jurisdiction on February 3, 1985, before this court's mandate was issued.

In her petition respondent sought $65,000 in attorney's fees and $335.79 in costs and expenses. The trial court, after a hearing and the filing of briefs, on April 3, 1985 awarded to her and her attorneys the sum of $39,687.50 in attorney's fees and $335.79 in costs.

The trustee appeals, alleging that the circuit court was without jurisdiction to award attorney's fees because the original judgment had become final and had been affirmed without modification by the mandate of this court. The appeal also alleged that the amounts awarded were grossly excessive and that respondent retained counsel only to protect her own beneficial interest.

It will be unnecessary to decide the issue of the excessiveness of the amounts or the

respondent's interest in the declaratory judgment action because this court holds that the trial court had no jurisdiction except to carry out the mandate of this court which affirmed the original judgment in all respects.

The facts in *Papin v. Papin,* 475 S.W.2d 73 (Mo.1972) are almost identical to those of the case under review. In *Papin,* plaintiffs sought construction of two trust agreements. Defendants did not request attorney's fees in their answer. The trial court judgment in favor of the plaintiffs was affirmed, the judgment having expressly retained jurisdiction in the trial court to determine the amount of attorney's fees allowable to the plaintiffs who had sought such fees in their pleadings. The judgment said nothing about attorney's fees for the defendants who had not requested an attorney's fee allowance.

The Supreme Court affirmed the *Papin* judgment in all respects. Just as in the case under review, the defendants later requested leave to amend their answer to seek an allowance for attorney's fees and expenses. Leave was granted and the attorney's fees and expenses allowed. The plaintiffs appealed. The Supreme Court held that the trial court did not possess jurisdiction to allow attorney's fees after the issuance of a mandate which affirmed a judgment containing no provision for allowing the fees. *Id.* at 77. *See also City of St. Charles v. Schroeder,* 510 S.W.2d 202 (Mo.App.1974).

Respondent cites *State ex rel. Drey v. Hoester,* 608 S.W.2d 401 (Mo. banc 1980), a mandamus action, in support of her argument that the trial court had jurisdiction to award her fees and expenses. In *State ex rel. Drey* the relator, plaintiff below, sought a writ ordering the trial court to consider two motions, one for an accounting and reimbursement of general obligation bond issue funds and the other for attorney's fees for plaintiffs, the motions having been filed after a mandate was issued by the Supreme Court in response to an earlier appeal. *Id.* at 402. *Drey v. McNary,* 529 S.W.2d 403 (Mo. banc 1975). The subject of the litigation was a dispute over whether general obligation bond pro-

ceeds could be used for construction of a golf course in Queeny Park in St. Louis County.

The facts in *State ex rel. Drey,* however, are distinguishable because the Supreme Court's mandate in *Drey v. McNary, supra,* did not preclude further consideration of undecided issues by the trial court. The cause had been remanded for a reapportionment of the costs in the original action. The mandamus court also noted that while the appeal of *Drey v. McNary* was pending, St. Louis County may have been using general obligation funds inconsistent with the *Drey v. McNary* mandate, an uncertainty to be resolved by the trial court after remand. The Supreme Court made its alternative writ peremptory because of the undecided issues which faced the trial court upon remand. *Id.* at 405.

There were no undecided issues in the case under review in which the judgment was affirmed by the following mandate:

The Court, being now sufficiently advised of and having considered the premises, adjudges that the judgment rendered herein by the Circuit Court of St. Louis County in its cause No. 491342 be affirmed and stand in full force and effect in accordance with the opinion of this Court herein delivered December 31, 1984. Opinion by Carl R. Gaertner, Judge, concurred in by James A. Pudlowski, Presiding Judge, and Kent E. Karohl, Judge.

The mandate here did no more than affirm the judgment rendered by the trial court, thus precluding the trial court from adjudicating further except as necessary to execute the judgment. The court in *Papin v. Papin, supra,* said at page 75[2, 3]:

"Where the case is decided on appeal on its merits and no issue after rescript is raised on the record, the only function of the trial court is to enter a final decree in implicit accordance with the mandate of the appellate court." 5B C.J.S. Appeal and Error § 1978, p. 616. In this case the trial court needed only to file the mandate; no further decree by it was required because the direction of the mandate was that the judgment previ-

ously entered by the trial court "be in all things affirmed and stand in full force and effect." By reason of that judgment, the trial court had the "power and duty to enforce it, by execution or otherwise, as it finally stands or should stand, without variation; and where the judgment in the lower court definitely determines the rights of the parties, and it is affirmed, any subsequent orders or adjudications in the cause must be confined to those necessary to execute the judgment." 5B C.J.S. Appeal and Error § 1977, p. 614.

In the instant case nothing remained to be done by the trial court except to carry out the mandate of this court ordering the enforcement of the judgment as originally entered. That judgment contained no award of attorney's fees for the respondents, who had failed to plead specifically for attorney's fees and offered no proof in the original action. Therefore, the trial court was without jurisdiction to entertain a motion or petition for attorney's fees after the mandate had been handed down.

The judgment is reversed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.