**McPHERSON REDEVELOPMENT
CORP., Plaintiff/Respondent,**

v.

**Richard SHELTON, et al., James
Hollivan Cody, a/k/a Howard
Cody, Defendants/Appellants.**

No. 58351.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 16, 1991.

Margaret B. Wilson, Lena A. Conley, St. Louis, for defendants/appellants.

Mark B. Leadlove, Gerard Timothy Carmody, St. Louis, for plaintiff/respondent.

CARL R. GAERTNER, Judge.

This is the second appeal to emanate from a case that was settled in the trial court. The litigation commenced with the filing by respondent, McPherson Redevelopment Corporation, of a petition seeking an order of condemnation of real property owned by appellant, James Hollivan Cody. After a hearing the trial court ordered the property condemned and appointed commissioners to assess damages suffered by appellant. Immediately after the commissioner's hearing concerning the value of the property, the parties entered into negotiations culminating in a settlement agreement for respondent to pay appellant $70,-000. Settlement documents were drafted by respondent's attorney and forwarded to appellant's attorney.[1] Appellant refused to sign the settlement documents and attempted to withdraw his acceptance of the $70,000 offer. Respondent then filed a motion to enforce the settlement. The trial court sustained this motion after a hearing

---

1. Appellant's present counsel is not the same attorney who represented him at the time of the settlement agreement.

and this court affirmed that judgment. *McPherson Redevelopment Corp. v. Shelton,* 770 S.W.2d 448 (Mo.App.1989) (*McPherson I*).

Appellant then filed a motion seeking the release to him of the $70,000 which respondent had deposited in the registry of the court. Respondent also filed for distribution of the deposited funds. In this motion respondent alleged that because of appellant's breach of the settlement agreement, it was entitled to payment of certain expenses and for attorney's fees. A hearing was held on these motions and the court ordered the following disbursement:

1. McPherson Redevelopment Corporation (as a consequence of Cody's substantial default on his obligations under the terms of the Settlement Agreement):

| | |
|---|---:|
| Salvage removed from the premises: | $ 1,067.00 |
| Board-up expenses: | $ 1,570.00 |
| Delinquent real estate taxes: | $ 4,237.25 |
| Attorneys fees to enforce Settlement Agreement: | $32,276.00 * |
| Total due to McPherson | $39,150.25 |

2. Metropolitan Sewer District: $ 5,217.44
3. James H. Cody: $25,632.31

* McPherson had sought $35,862.22 in attorney's fees, but the court finds that a reduction in the amount requested is appropriate.

---

Findings of fact and conclusions of law were filed. This appeal followed.

■ Appellate review of this judge-tried matter is governed by the well-known standard of *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law."

■ In his first point on appeal, appellant charges trial court error in finding that McPherson "has raised the issue of its attorney's fees at the earliest possible time." In his argument, appellant seems to suggest that McPherson's failure to request attorney's fees during the hearing on the motion to enforce the settlement agreement precludes the filing of a claim for attorney's fees after the agreement was upheld on appeal. Appellant relies upon *Rosenblum v. Gibbons,* 706 S.W.2d 49 (Mo. App.1986) in which this court ruled "the trial court was without jurisdiction to entertain a motion or petition for attorney's fees after the mandate had been handed down." *Id.* at 51. Appellant's reliance is misplaced. The basis underlying the *Rosenblum* decision was that "nothing remained to be done by the trial court except to carry out the mandate of the court ordering the enforcement of the judgment as originally entered." *Id. Rosenblum* merely followed the general rule that after affirmance of a lower court judgment "any subsequent orders or adjudications in the cause must be confined to those necessary to execute the judgment." *Papin v. Papin,* 475 S.W.2d 73, 76 (Mo.1972) quoting from 5B C.J.S., Appeal and Error, § 1977 p. 614.

■ By affirming the judgment of the trial court in *McPherson I,* we upheld its finding that the settlement agreement is valid and enforceable. Enforcement of this judgment required a distribution of the funds paid into the registry of the court in accordance with the terms and provisions of the agreement. Included among those terms was a provision for the recovery of attorney's fees and expenses incurred in an action to enforce the agreement against a party who breaches the agreement by substantial default. Unlike *Rosenblum* and *Papin* where nothing remained to be done by the trial court after appeal except the ministerial act of entering a final decree in accordance with appellate court's mandate, final disposition of this case required further adjudication regarding the rights of the parties and of other claimants to the funds on deposit. More analogous than the

authority cited by appellant is the case of *State ex rel. Drey v. Hoester*, 608 S.W.2d 401 (Mo. banc 1980). In *Drey*, following the affirmance of a declaratory judgment, the trial court refused to entertain a motion for accounting and for attorney's fees. The Supreme Court issued a writ of mandamus ordering the trial court to consider the motions. The Supreme Court noted "the principle that a court generally has the inherent power to make such proper orders as are necessary to effectuate its decrees." *Id.* at 404, quoting from *Benton v. Alcazar Hotel*, 354 Mo. 1222, 194 S.W.2d 20, 24 (1946). Here, as in *Drey*, the judgment of the trial court and the mandate of the appellate court merely declared the rights of the parties. Unless the court retained the power to take such action and enter such orders as may be necessary to give these rights meaningful substance, the judgment is a mere ephemeral abstraction.

In *McPherson I* the trial court made an express finding that the parties had reached an agreement upon the terms of the settlement as set forth in the written document prepared by respondent's attorney. Neither on appeal in *McPherson I* nor here does appellant challenge that finding of fact. The terms of the settlement document provided for a proration of general taxes and utility charges, security of the improvements, removal and relocation of tenants and other matters presenting a potential need for adjudication and further court order after the validity of the agreement was judicially determined. Nothing in the mandate affirming the trial court's judgment in *McPherson I* precluded the trial court from taking such action as was necessary to enforce the terms of the agreement.

■ One of those terms, crucial to this appeal, provides that in the event either party to the agreement is in substantial default in the performance of his or its obligations, the other party may recover expenses, including attorney's fees, incurred in an action to enforce the agreement. In his second point appellant argues this provision violates public policy by imposing a penalty upon the exercise of his right of appeal. He posits his argument in these words:

This court should take judicial notice that, in effect, condemnor, by crafting such provision in the condemnation settlement document has arrogated to itself the right to obtain a benefit, not granted by statute or contemplated by the condemnation process and contrary to public policy.

. ■ Appellant's argument misses the point. None of the expenses respondent seeks to recover were incurred in connection with condemnation of appellant's property. Rather, the expenses were occasioned entirely by virtue of appellant's failure to perform his contractual promises. After the terms of the settlement were agreed to but dishonored by appellant, what had been a condemnation proceeding became a simple breach of contract action. If the contractual provision for the recovery expenses be viewed as a penalty, it is imposed not in retaliation for the legitimate exercise of the right of appeal but for the wrongful breach of a contract. Appellant has not cited nor are we aware of any authority holding a contract provision for the recovery of expenses incurred in enforcing one's contractual rights to be void as against public policy. Indeed, such contractual provisions are commonplace and consistently held enforceable. *Wooten v. DeMean*, 788 S.W.2d 522, 529 (Mo.App. 1990); *Gibson v. Gibson*, 687 S.W.2d 274, 276–77 (Mo.App.1985).

■ Appellant's final point on appeal is that the amount of the attorney's fees awarded is grossly excessive. In support of this contention appellant argues that "the trial court ... pursued the fiction that appellant 'breached' the terms of the settlement agreement." Such an argument in support of a claim of excessiveness is an obvious non-sequitur. Moreover, it is not fiction but, after the finding of the trial court and the affirmance of this court in *McPherson I*, an established fact that appellant breached the terms of the settlement agreement. That he did so with full knowledge of the provision of the settlement agreement allowing recovery of expenses and attorney's fees incurred in an action to enforce the agreement has not been denied. He chose to expose himself

to liability for such expenses and fees by refusing to live up to his agreement. Although the attorney who represented him at the time of the settlement agreement withdrew when appellant refused to honor the agreement, he has been represented by counsel throughout the protracted proceedings in connection with the motion to enforce the settlement. That the amount of the expenses and fees would increase by reason of two separate trial court hearings and two appeals during which appellant has maintained his recalcitrant posture is obvious. Under the circumstances, we find nothing unfair nor unconscionable in holding appellant to the terms of his agreement.

 Appellant makes no specific objection to the amount of attorney's fees awarded, complaining only that it is excessive in light of the $70,000 settlement. In reviewing a challenge to the amount of an award of attorney's fees, we give deference to the discretion of the trial judge who, by virtue of his or her office and experience, is considered an expert in determining the proper amount of compensation for legal services. *Union Center Redevelopment Corp. v. Leslie,* 733 S.W.2d 6, 9 (Mo.App.1987). We overrule the trial court's award of attorney's fees only in case of an abuse of discretion. *Id.*

In this case the experienced trial judge, having presided over the case from its inception in 1987, was familiar with the proceedings. Testimony of the lawyers and exhibits consisting of detailed records of time expended upon particularized work at specified rates were received and reviewed by the trial court. Appellant makes no objection either to the necessity for the performance of the work, to the amount of time expended thereon, or to the hourly rate charged. We have read the testimony, and reviewed the exhibits, and find they amply support the award.

Judgment affirmed.

SMITH, P.J., and SATZ, J., concur.