Gerald **VANDERFORD**, et ux., Appellant,

v.

**CAMERON MUTUAL INSURANCE COMPANY, Respondent.**

No. WD 51472.

Missouri Court of Appeals, Western District.

Feb. 13, 1996.

Robert O. Jester, Kansas City, for appellant.

Allen Slater, Overland Park, KS, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and SMITH, JJ.

SMITH, Judge.

Appellants appeal the denial of their motion for attorney fees on appeal which was filed on March 30, 1995. They assert that the trial court erred in denying their application for attorney fees on appeal for a lack of jurisdiction because there is no Missouri rule or case law that sets forth the proper procedure and timing of a motion for attorney fees post-trial. We affirm.

### FACTS

The underlying action arose out of a contract of farm insurance issued by respondent, Cameron Mutual Insurance Company, to appellants. Appellants claimed that one of their concrete silos collapsed due to a named peril in the policy and respondent denied the claims associated therewith. On March 16, 1994, a Jackson County jury rendered its verdict in favor of the appellants for $59,-657.49 and found that they were entitled to recover their attorney fees. On March 22, 1994, the court awarded appellants' costs and attorney fees in the amount of $22,052.92. On March 29, 1994, the trial court entered its judgment. Respondent appealed the verdict but did not challenge the award of attorney fees.

On March 7, 1995, this court affirmed the judgment for appellants and did not remand the case to the trial court with directions to change or modify the final judgment. The mandate was issued on March 29, 1995, and on March 30, 1995, appellants filed a motion with the trial court requesting an award of attorney fees on appeal. Respondent opposed this motion arguing the trial court was without jurisdiction to enter such an award post-appeal. On April 26, 1995, the trial court denied appellants' motion for attorney fees on appeal. The trial court also denied appellants' Motion for Reconsideration of the denial.

### I.

In their one point on appeal, appellants assert the trial court erred in denying their application for attorney fees on appeal for a lack of jurisdiction because there is no Missouri rule or case law that sets forth the proper procedure and timing of a motion for attorney fees post-trial.

■ The trial court's judgment will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *McPherson Redevelopment Corp. v. Shelton,* 807 S.W.2d 203, 205 (Mo.App.1991). "Where the case is decided on appeal on its merits and no issue after rescript is raised on the record, the only function of the trial court is to enter a final decree in implicit accordance with the mandate of the appellate court." *Papin v. Papin,* 475 S.W.2d 73, 75 (Mo.1972); *Cf. Antonacci v. Antonacci,* 892 S.W.2d 365, 368 (Mo.App.1995).

■ The court in *Papin* held a trial court's award of attorney fees after receiving the appellate court's mandate of attorney fees to be paid violated terms of the mandate. *Papin,* 475 S.W.2d at 73. The defendants did not request an allowance of attorney fees in their pleadings or by motion of the court. *Id.* After the trial court received the appellate court's mandate, the defendants requested and obtained permission to amend their answer to ask for attorney fees and expenses which the trial court awarded after a hearing. *Id.* at 75. When the judgment in the lower court determines the parties' rights,

and it is affirmed, any subsequent orders or adjudication in the cause must be confined to those necessary to execute the judgment. *Id.* at 76.

 The trial court is clearly without jurisdiction after mandate to make any determinations other than those necessary to execute the judgment. *Id.; See also Rosenblum v. Gibbons,* 706 S.W.2d 49 (Mo.App.1986). In the case at hand, appellants requested attorney fees on appeal for the first time after the appellate court issued its mandate. They requested and were awarded attorney fees at the trial level, but did not present the issue of attorney fees on appeal to the appellate court before the mandate was issued. In order to rule on an issue it is imperative that the court know of its existence. It is well settled law in Missouri that in order for a party to obtain relief from the court, it must state its requests either in the original pleadings or by motion while the trial court has jurisdiction. *Papin,* 475 S.W.2d at 73. Here, appellants failed to do either. Furthermore, the appellate court affirmed the lower court's judgment and did not remand on any issue leaving the trial court without jurisdiction to do anything except enter a judgment in accordance with the mandate. *Id.* at 76. The trial court correctly denied appellants' application for attorney fees on appeal for a lack of jurisdiction. Point denied.

Judgment affirmed.

All concur.