Angela T. Quigless, J.
Gregory Kinsey ("Kinsey") appeals from the trial court's partial order and judgment granting Russell Clark's ("Clark") motion to dismiss Kinsey's counterclaim seeking an award of attorney's fees. On appeal, Kinsey argues the trial court erred in dismissing his motion and counterclaim for attorney's fees against Clark, and failing to award him attorney's fees pursuant to the prevailing party fee shifting provision in the Shareholders' Agreement. We affirm the trial court's judgment.
Factual and Procedural History
Because this is the third time this case has been before this Court, it is necessary we set forth the complete procedural history as it is significant to the disposition of this appeal.
In 2007, Bart Mantia ("Mantia"), Clark, and Kinsey formed a company known as the Three Wine Guys, Inc. The parties dissolved the company in 2008. On July 20, 2009, Clark filed a lawsuit against Kinsey in small claims court, alleging damages due to a breach of the Shareholders' Agreement in the amount of $2,800 ("2009 small claims petition"). Kinsey subsequently filed a counterclaim for unpaid wages. On August 25, 2009, Clark voluntarily dismissed the 2009 small claims petition without prejudice, and Kinsey voluntarily dismissed his counterclaim without prejudice.
On June 10, 2010, Clark and Mantia filed an action against Kinsey in small claims court, alleging damages due to a breach of the Shareholders' Agreement in the amount of $3,000 ("2010 small claims petition"). Thereafter, Clark and Mantia voluntarily dismissed their 2010 small claims petition without prejudice.
On August 22, 2011, Clark and Mantia filed an amended petition against Kinsey ("August 2011 petition"). The August 2011 petition asserted six claims, relating to Kinsey's alleged failure to pay his portion *576 of money owed pursuant to the Shareholders' Agreement. Counts I, III, and V were brought by Clark, and Counts II, IV, and VI were brought by Mantia. Counts I and II, causes of action for unjust enrichment, alleged Kinsey received benefits from loans from Best Buy and Montgomery Bank, and failed to reimburse Clark and Mantia for the portion of the money he owed. Counts III and IV, causes of action for breach of the Shareholders' Agreement, alleged Kinsey failed to make repayments of all jointly held debts pursuant to the Shareholders' Agreement. Counts V and VI, causes of action for contribution, alleged Kinsey owed Clark and Mantia for their payment of Kinsey's debts. The August 2011 petition requested damages in excess of $25,000, including attorney's fees and costs. In response, Kinsey filed an answer and affirmative defenses.
On March 21, 2012, Kinsey filed a motion for summary judgment, asserting he was entitled to judgment as a matter of law on the claims in the August 2011 petition because the 2009 and 2010 small claims actions that were voluntarily dismissed without prejudice had a res judicata effect. The trial court granted Kinsey's motion, and Clark and Mantia appealed. Clark v. Kinsey , 405 S.W.3d 551 (Mo. App. E.D. 2013) (" Clark I "). This Court reversed the trial court's judgment and remanded the case, holding "[t]he trial court's grant of summary judgment on the basis of res judicata is not supported by the summary judgment record." Id. at 554.
On May 20, 2014, Clark and Mantia filed a motion for leave to amend the August 2011 petition, seeking additional damages in excess of $25,000 for legal fees arising out of the first appeal. The trial court denied the motion for leave to amend. Thereafter, Kinsey filed a second motion for summary judgment, arguing (1) the claims were barred by Rule 67.02,[1] and (2) the claims were barred by the doctrine of accord and satisfaction. The trial court granted Kinsey's motion, finding he was entitled to judgment as a matter of law because Clark and Mantia's claims were barred by Rule 67.02. Clark and Mantia appealed. Clark v. Kinsey , 488 S.W.3d 750 (Mo. App. E.D. 2016) (" Clark II ").
This Court affirmed the trial court's grant of summary judgment as to Clark's claims in the August 2011 petition, finding they were barred by Rule 67.02.[2] Id. at 759-60. This Court found the claims in the 2009 small claims petition, the 2010 small claims petition, and the August 2011 petition arose out of the same act, contract, or transaction, and, therefore, the three lawsuits were based upon the "same claim." Id. at 760. However, this Court reversed the trial court's grant of summary judgment as to Mantia's claims. Id. at 762. We found that because Mantia was not a plaintiff in the 2009 small claims petition, he *577 had a right to voluntarily dismiss his 2010 small claims petition without prejudice, and Rule 67.02 did not bar him from bringing the same claims against Kinsey in the August 2011 petition. Id. at 761. In addition, we reversed the trial court's denial of Mantia's motion for leave to amend the August 2011 petition and remanded the case with specific directions for the trial court to grant Mantia leave to amend. Id. at 763-64.
This Court issued its mandate in Clark II on May 27, 2016. At no time between the filing of the August 2011 petition and the issuance of the mandate in Clark II did Kinsey file either a counterclaim or motion requesting attorney's fees against Clark. Nor did Kinsey make such a request in the prayer for relief of one of his numerous court filings during this time.
We now address the procedural posture relevant to the present appeal. On April 19, 2017, Mantia, alone, filed a second amended petition against Kinsey ("April 2017 petition"), asserting causes of action for breach of indemnity contract, unjust enrichment, and contribution and indemnity. The April 2017 petition requested damages in excess of $25,000 plus costs, attorney's fees, and interest. On April 28, 2017, Kinsey filed an answer to the April 2017 petition and raised affirmative defenses. Kinsey also asserted several counterclaims against Mantia and Clark, including a claim for breach of the Shareholders' Agreement. Specific to this appeal, Kinsey alleged he "successfully defended the claims brought against him by Counterclaim-Defendants Mantia and Clark and was victorious on summary judgment as to all counts raised by Counterclaim-Defendant Clark." Kinsey argued Clark breached the Shareholders' Agreement by not reimbursing Kinsey's attorney's fees pursuant to the Shareholders' Agreement, and requested "reimbursement of the attorney's fees, costs, and interest that Kinsey has expended in the defense of this action up to this point[.]"
In addition to filing his answer, affirmative defenses, and counterclaims, Kinsey simultaneously filed a motion for attorney's fees against Clark. Kinsey argued he was entitled to attorney's fees pursuant to the Shareholders' Agreement, which provided: "In the event a suit is brought to enforce any provision of or declare a breach of this Agreement, the prevailing party shall be entitled to recover in addition to any other amounts awarded, reasonable legal costs, including attorneys' fees, incurred by such party." Kinsey argued he became the prevailing party when this Court affirmed the trial court's grant of summary judgment as to Clark's claims in Clark II , and, therefore, he was entitled to nearly $60,000 in attorney's fees plus costs.[3]
On May 27, 2017, Mantia filed a motion to dismiss Kinsey's counterclaim. Mantia argued Kinsey improperly alleged claims against Clark because Clark was not a named party in the April 2017 petition and had been dismissed from the case following Clark II . Kinsey subsequently filed a motion to add Clark as a counterclaim-defendant, which the trial court granted. On July 14, 2017, Clark filed a motion to dismiss Kinsey's counterclaim, arguing he was dismissed as a plaintiff from the action following this Court's opinion and mandate in Clark II , and Kinsey failed to present a claim for attorney's fees against Clark prior to the mandate.
*578 On October 13, 2017, the trial court entered a partial order and judgment regarding pending motions to dismiss and requests for jury trial on Kinsey's motion for attorney's fees. Therein, the trial court granted Clark's motion to dismiss Kinsey's counterclaim seeking an award of attorney's fees against Clark. The trial court made clear that its partial order and judgment "does not decide any other matter raised in [Kinsey's] counterclaim, nor does it decide [Mantia's] or [Kinsey's] liability for attorneys' fees under the shareholder's agreement or the extent of attorneys' fees recoverable."
On November 14, 2017, Kinsey filed a motion for reconsideration of the trial court's grant of Clark's motion to dismiss Kinsey's counterclaim for attorney's fees, and an accompanying memorandum. On January 22, 2018, the trial court entered its order and judgment, denying the motion for reconsideration. The trial court found that although Kinsey was the prevailing party on his motion for summary judgment as to Clark's claims, Kinsey failed to request attorney's fees until after this Court issued its mandate in Clark II . As such, the trial court was without jurisdiction to award attorney's fees because the mandate did not authorize or instruct the court to enter such an award. On February 23, 2018, the trial court entered an amended order and judgment, granting Kinsey's request to certify the partial order and judgment granting Clark's motion to dismiss as final for purposes of appeal and finding there was no just reason for delay. Mantia's claims against Kinsey in the April 2017 petition remain pending in the trial court.[4]
Point on Appeal
In his sole point on appeal, Kinsey argues the trial court erred in dismissing his motion and counterclaim for attorney's fees against Clark, and failing to award Kinsey's attorney's fees pursuant to the prevailing party fee shifting provision in the Shareholders' Agreement. Kinsey contends the trial court had jurisdiction over the parties and subject matter of the claim, and Missouri case law clearly mandates that a court must award attorney's fees when a contract provides for such an award and no case law explicitly requires a party to formally request fees prior to appeal. In the alternative, Kinsey asserts the Wherefore Clause in his answers and affirmative defenses, his motion and counterclaim for attorney's fees, and the Shareholders' Agreement provided sufficient notice of his right to fees as a prevailing party for both Clark and the trial court.
Standard of Review
At the outset, we note there is confusion as to the proper standard of review in this *579 case. In his appellate brief, Kinsey contends he is appealing from the trial court's partial order and judgment granting Clark's motion to dismiss Kinsey's counterclaim for attorney's fees. Kinsey correctly states in his brief that this Court reviews the trial court's grant of a motion to dismiss de novo. See Murphy v. Stonewall Kitchen, LLC , 503 S.W.3d 308, 310 (Mo. App. E.D. 2016). However, during oral arguments, Kinsey stated he was appealing from the trial court's denial of his motion to reconsider the court's grant of Clark's motion to dismiss Kinsey's counterclaim for attorney's fees. This Court reviews the denial of a motion to reconsider under an abuse of discretion standard. See Hinton v. Proctor & Schwartz, Inc. , 99 S.W.3d 454, 461 (Mo. App. E.D. 2003) ("[A] motion for reconsideration may be treated as a motion for new trial[,]" which the appellate court reviews for an abuse of discretion).
After considering the arguments in Kinsey's brief, reviewing the filings on the motion to dismiss and motion for reconsideration, and reviewing the applicable law, we find our analysis and ultimate conclusion would be the same whether we reviewed the trial court's grant of the motion to dismiss de novo or we reviewed the trial court's denial of the motion for reconsideration for an abuse of discretion. Therefore, under either standard of review, we would affirm the trial court's judgment.
As stated above, this Court reviews the trial court's order granting a motion to dismiss de novo. Murphy , 503 S.W.3d at 310. A dismissal should be affirmed as a matter of law if any ground within the motion to dismiss supports the ruling, regardless of whether or not the trial court actually relied on that ground. Adams v. Union Planters Bank, N.A. , 201 S.W.3d 539, 541 (Mo. App. E.D. 2006). Whether a trial court has authority to award attorney's fees is a question of law, which we likewise review de novo. Desu v. Lewis , 427 S.W.3d 843, 844 (Mo. App. E.D. 2014). Additionally, because a motion for reconsideration is treated as a motion for new trial, we review the trial court's denial of a motion for reconsideration for an abuse of discretion. Hinton , 99 S.W.3d at 461. The trial court abuses its discretion when its ruling is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration. Precision Elec., Inc. v. Ex-Amish Specialties, Inc. , 400 S.W.3d 802, 808 (Mo. App. W.D. 2013).
Discussion
Ordinarily, under the "American Rule," litigants must bear the expense of their own attorney's fees. Green v. Plaza in Clayton Condo. Ass'n , 410 S.W.3d 272, 280 (Mo. App. E.D. 2013). However, when a claim for attorney's fees is based on a contract provision allowing the prevailing party to recover fees, the trial court must comply with the terms of the contract and award attorney's fees to the prevailing party. Sheppard v. East , 192 S.W.3d 518, 523 (Mo. App. E.D. 2006) ; Rx Recalls, Inc. v. Devos Ltd. , 317 S.W.3d 95, 96 (Mo. App. E.D. 2010). In this case, the Shareholders' Agreement included a prevailing party provision, which provided: "In the event a suit is brought to enforce any provision of or declare a breach of this Agreement, the prevailing party shall be entitled to recover in addition to any other amounts awarded, reasonable legal costs, including attorneys' fees, incurred by such party."
This Court has defined a "prevailing party" for purposes of a contractual award as "the party prevailing on the main issue in dispute, even though not necessarily to the extent of its original contention." Desu , 427 S.W.3d at 845 (quoting *580 Ken Cucchi Constr., Inc. v. O'Keefe , 973 S.W.2d 520, 528 (Mo. App. E.D. 1998) ). Here, Kinsey became the prevailing party against Clark when the trial court granted Kinsey's motion for summary judgment, finding Kinsey was entitled to judgment as a matter of law as to Clark's claims in the August 2011 petition because they were barred by Rule 67.02. See, e.g. , Monsanto Co. v. Garst Seed Co. , 241 S.W.3d 401, 417 (Mo. App. E.D. 2007) (trial court awarded Monsanto attorney's fees as it was the prevailing party on summary judgment); State ex rel. Nixon v. Patriot Tobacco Co. , 220 S.W.3d 889, 892 (Mo. App. E.D. 2007) (trial court awarded the State attorney's fees because it prevailed on its claim that the respondent violated the Tobacco Settlement Agreement Act); Cowbell, LLC v. BORC Bldg. & Leasing , 328 S.W.3d 399, 407 (Mo. App. W.D. 2010) (Cowbell became the prevailing party when the trial court found in favor of its claims for breach of contract and specific performance).
Kinsey argues that, as the prevailing party, the trial court was required to award him attorney's fees pursuant to the Shareholders' Agreement, and the court's failure to do so was error. Although we agree that Kinsey was the prevailing party on his motion for summary judgment against Clark, Kinsey failed to request attorney's fees from Clark until after this Court affirmed the trial court's judgment as to Clark's claims and issued its mandate in Clark II . Consequently, when this Court issued its mandate, the trial court was without jurisdiction to make any determinations-including awarding attorney's fees-other than those necessary to execute the judgment in accordance with the mandate. See Vanderford v. Cameron Mut. Ins. Co. , 915 S.W.2d 391, 393 (Mo. App. W.D. 1996) (finding the trial court was without authority to award attorney's fees after the appellate court issued its mandate affirming the trial court's judgment).
In Clark II , this Court (1) reversed the trial court's grant of summary judgment in favor of Kinsey as to Mantia's claims in the August 2011 petition, (2) reversed the trial court's denial of Mantia's motion for leave to amend the August 2011 petition and remanded with directions to grant Mantia leave to amend, and (3) affirmed the trial court's grant of summary judgment in favor of Kinsey as to Clark's claims in the August 2011 petition. In accordance with our opinion, the mandate provided:
The Court, being sufficiently advised of and having considered the premises, adjudges that the judgment rendered by the St. Louis County Circuit Court in cause No. 11SL-AC02801-01 be reversed in part as to the trial court's grant of summary judgment in favor of Kinsey on Mantia's Counts II, IV and VI in the August 2011 petition and be remanded in part to the aforesaid court with directions to grant Mantia leave to amend his August 2011 petition and for further proceedings, and be affirmed in all respects in accordance with this Court's opinion delivered May 3, 2016. It is further ordered that the appellants recover from respondent one-half of the costs of their appeal, namely:
Docket fee in Appellate Court..... $70.00
Total Appellate Court Cost........ $70.00
It is ordered that one-half of these costs, or thirty-five ($35.00) dollars, be taxed in the Circuit Court in favor of appellants for which execution may issue.
(emphasis added).
Generally, a decision of the appellate court is considered final at the time the mandate is issued. Amburn v. Aldridge , 296 S.W.3d 32, 33 (Mo. App. W.D. 2009). Accordingly, any orders or adjudications entered by the trial court thereafter *581 must be confined to those necessary to execute the appellate court's judgment as set forth in the mandate. Pope v. Ray , 298 S.W.3d 53, 57 (Mo. App. W.D. 2009). When the appellate court remands an issue to the trial court, the scope of the trial court's jurisdiction is defined by the mandate. Id. "Where the mandate contains express instructions that direct the trial court to take a specified action, the trial court has no authority to deviate from those instructions." Edmison v. Clarke , 61 S.W.3d 302, 310 (Mo. App. W.D. 2001). Here, our mandate in Clark II constituted a remand with specific directions because it directed the trial court to take specific action, namely, allow Mantia to proceed on his claims against Kinsey and grant Mantia leave to amend his August 2011 petition. In all other respects, the judgment was affirmed. See Guidry v. Charter Commc'ns, Inc. , 308 S.W.3d 765, 768-69 (Mo. App. E.D. 2010). In compliance with the mandate, the trial court allowed Mantia to file the April 2017 petition and proceed on his claims against Kinsey. The trial court was without power to modify, alter, amend, or otherwise depart from the specific directions of the mandate in any way as to Clark. See id. at 769.
In Papin v. Papin , the appellate court rejected a post-mandate request for attorney's fees similar to the present case. Papin involved the proper distribution of funds held in trust. Papin v. Papin , 475 S.W.2d 73, 74 (Mo. 1972). Plaintiffs requested attorney's fees in their petition, however, defendants made no request for attorney's fees in their pleadings or by motion to the court. Id. at 75. The trial court entered judgment in favor of plaintiffs and retained jurisdiction to award attorney's fees to plaintiffs' counsel to be paid from the corpus of the trust. Id. Defendants unsuccessfully appealed the merits of the distribution of funds. The appellate court's mandate specified that the trial court's judgment was "in all things affirmed," and provided for plaintiffs to recover from defendants their "costs and charges herein expended." Id. After receiving the mandate, the trial court allowed defendants, who had not previously prayed or moved for an award of fees, to amend their answer to seek attorney's fees, and then granted the request after a hearing. Id. On appeal from the trial court's grant of attorney's fees, the Missouri Supreme Court found the trial court exceeded the scope of the mandate when it awarded attorney's fees to the defendants. Id. The Court concluded the trial court needed only to file the mandate, and "no further decree by it was required because the direction of the mandate was that the judgment previously entered by the trial court 'be in all things affirmed and stand in full force and effect.' " Id. at 75-76.
Here, as in Papin , Kinsey failed to request attorney's fees against Clark in either his pleadings or by motion to the trial court prior to appeal in Clark II . Nor did Kinsey request attorney's fees on appeal, pursuant to our Local Rule 400, which requires a party to make such a request prior to the submission of the cause.[5] Rather, it was not until nearly one year after this Court issued its mandate, affirming summary judgment, that Kinsey filed a counterclaim and motion requesting attorney's fees as the prevailing party in Clark II . Our mandate in Clark II was clear and specific. It directed the trial *582 court to proceed on Mantia's claims alone, and specified the trial court's judgment as to Clark's claims "be affirmed in all respects in accordance with this Court's opinion delivered May 3, 2016." Neither the mandate nor the opinion mentioned any issue regarding attorney's fees. As the Missouri Supreme Court concluded in Papin , no further decree was required as to Clark's claims because the mandate directed that the trial court's judgment be affirmed. As such, this Court's opinion and mandate constituted a final judgment as to Clark's claims. The fact that Mantia's claims against Kinsey remain pending in the trial court is inconsequential and does not give Kinsey the right to now request attorney's fees based on prior claims that have been fully adjudicated. Therefore, had the trial court awarded Kinsey attorney's fees against Clark, it would have exceeded the scope of our mandate.
Kinsey contends Missouri law does not require a party to file a counterclaim or written motion in order to recover its attorney's fees pursuant to the prevailing party provision of a contract. We are unable to find a case addressing a party's request for attorney's fees pursuant to a prevailing party provision raised after a mandate. However, in the cases cited by Kinsey as well as the legal precedent this Court reviewed, the party seeking to recover attorney's fees always made a formal request prior to appeal when the trial court still had jurisdiction. See, e.g. , Sheppard , 192 S.W.3d at 522 (prevailing party requested attorney's fees after trial but prior to appeal); Cowbell , 328 S.W.3d at 404 (party sought attorney's fees and expenses after trial but before appeal); Desu , 427 S.W.3d at 845 (plaintiff requested attorney's fees at trial and submitted evidence of his fees through an itemized statement); Forbush v. Adams , 460 S.W.3d 1, 3 (Mo. App. E.D. 2014) (plaintiff requested attorney's fees, costs, and expenses in his petition for declaratory judgment); Schnucks v. Bridgeton Health & Fitness , 884 S.W.2d 733, 740 (Mo. App. E.D. 1994) (prevailing party requested attorney's fees, and pleaded and adduced evidence concerning its attorney's fees at trial); Grease Monkey Int'l, Inc. v. Godat , 916 S.W.2d 257, 261 (Mo. App. E.D. 1995) (prevailing party requested attorney's fees in writing in a prayer for relief and made an oral motion at trial). It clearly follows from this long line of cases that it is incumbent upon the prevailing party to formally request attorney's fees in their pleadings, motions, or by oral request prior to the trial court losing jurisdiction to the appellate court. Moreover, "[i]t is well settled law in Missouri that in order for a party to obtain relief from the court, it must state its requests either in the original pleadings or by motion while the trial court has jurisdiction." Vanderford , 915 S.W.2d at 393. For the court to rule on an issue, such as an award of attorney's fees, it is imperative that the court know of its existence. See id.
Kinsey argues that even if the prevailing party is required to make a formal request for attorney's fees, the prayer for relief of his first answer filed on June 3, 2011 to Clark's original petition[6] was sufficient to provide Clark and the trial court with notice that Kinsey would be entitled to attorney's fees in the event he becomes the prevailing party. We disagree. First, we note Kinsey only asserted a counterclaim for unpaid wages in his first answer. He did not assert a counterclaim for breach of the Shareholders' Agreement for failure to pay attorney's fees pursuant to the prevailing party provision. Additionally, in the *583 prayer for relief of his first answer, Kinsey merely requested "the Court enter judgment for Kinsey and against Plaintiffs Clark and Mantia in an amount not in excess of $25,000 plus costs, interest and any other relief just and proper under the circumstances." This does not constitute a formal request for attorney's fees. As established in the line of cases discussed supra , the prevailing party made a formal request for attorney's fees either through a written or oral request, or by motion to the court. Kinsey's general request for "costs, interest and other relief" does not rise to the level of a formal request for an award of attorney's fees. Notably, in Kinsey's reply to Clark's motion to dismiss his counterclaim for attorney's fees, Kinsey admits he "has never, until now, made any claim for attorneys' fees against [Clark]."
Accordingly, we find the trial court neither erred in granting Clark's motion to dismiss Kinsey's counterclaim nor abused its discretion in denying Kinsey's motion to reconsider because Kinsey failed to request attorney's fees against Clark until after this Court issued its mandate in Clark II , and, therefore, the trial court was without jurisdiction to award attorney's fees. Point denied.
Conclusion
Finding no error, we affirm the trial court's judgment.
Roy L. Richter, P.J., and Robert M. Clayton III, J., concur.

Clark II referred to Missouri Supreme Court Rules (2015) when citing Rule 67.02.

Construing the language of Rules 67.01 and 67.02 together, this Court held:
[A] civil action is barred when the following four elements are established (1) a party voluntarily dismisses an initial civil action without prejudice; (2) the party thereafter files a second civil action based upon the "same claim" against the same defendant; (3) the party then voluntarily dismisses the second civil action without prejudice; and (4) the party does not file a stipulation to the dismissal signed by the opposing party or there is no order of the court made on the motion in which the ground for dismissal is set forth.
Clark II , 488 S.W.3d at 757 (citing Rule 67.01; Rule 67.02(a) and (d) ). In Clark II , Clark only contested the second element, arguing Rule 67.02 did not apply to the claims in his August 2011 petition because the 2009 small claims petition, the 2010 small claims petition, and the August 2011 petition were not based on the "same claim." Id. at 759.

Kinsey alleged he was billed $117,827.72 in attorney's fees and $1,372.90 in costs for his representation in this cause. Because Mantia's claims are still pending, however, Kinsey limited his request to $58,913.86 plus $686.45 in costs, which represented one half of the total amount billed.

Respondent Clark failed to timely file a brief on appeal within the mandatory time limits of Rule 84.05. Pursuant to Rule 84.05(a), Clark was required to file a responsive brief on April 30, 2018, thirty days after the filing of Kinsey's brief. Clark filed a motion for leave to file brief on appeal out of time, and this Court granted an extension until June 7, 2018. However, Clark did not file his brief until nearly two months later on July 27, 2018, and then filed a motion for leave to file brief on appeal out of time on August 2, 2018, the day of oral arguments. During oral arguments, this Court orally denied Clark's motion and struck his untimely-filed brief. This Court did not permit Clark's counsel to orally argue the case, however, counsel was allowed to observe in the gallery. Consequently, we treat Clark's brief as if it were never filed, and our holding in this appeal is based solely upon Kinsey's brief and legal file, the order and judgment of the trial court, and legal precedent. See Shomaker v. Dir. of Revenue , 504 S.W.3d 84, 87 (Mo. App. E.D. 2016) ("While there is no penalty prescribed for the failure to file a brief, we are required to decide the case without the benefit of that party's authorities and points of view.").

Rule 400-Attorney's Fees on Appeal, provides: "Any party claiming an amount due for attorney's fees on appeal pursuant to contract, statute or otherwise and which this court has jurisdiction to consider, must do so before submission of the cause. This shall not apply to claims for damages under Rule 55.03 or Rule 84.19."

Prior to filing the August 2011 amended petition, Clark and Mantia filed their original petition on January 19, 2011. In response, Clark filed his first answer on June 3, 2011.