

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| SAMSON DESU, | ) | No. ED99846 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court of the |
| | ) | City of St. Louis |
| vs. | ) | |
| | ) | Honorable Jimmie M. Edwards |
| FREDERICK LEWIS, | ) | |
| | ) | |
| Defendant/Respondent. | ) | Filed:  April 1, 2014 |

### INTRODUCTION

Samson Desu appeals from the judgment of the trial court awarding him $8,450 in his claim for breach of contract. On appeal, Desu argues the trial court erred by failing to award him attorney's fees pursuant to the terms of the contract. We affirm in part, reverse in part, and remand for the court's determination of his reasonable attorney's fees.

### BACKGROUND

On May 23, 2006, Desu entered into a contract with Frederick Lewis for the purchase of certain real estate owned by Lewis and located in the City of St. Louis (the "Agreement"). Pursuant to the terms of the Agreement, Desu advanced $8,000 in earnest money to Lewis and the parties agreed to close on the sale of the property on July 20, 2006. Lewis, however, failed to appear at the closing or transfer title to the property to Desu, and failed to return to Desu the $8,000 earnest money. Additionally, Lewis prevented Desu from retrieving his construction equipment from the property.

Following a demand for payment, Desu filed an action against Lewis for breach of contract and "misrepresentations." In his petition, Desu sought the return of his earnest money, his attorney's fees and costs, as well as $40,500 of additional damages allegedly caused by Lewis's breach of the Agreement. Prior to trial, Lewis filed a counterclaim for breach of contract and motion to dismiss. Thereafter, Desu voluntarily dismissed, without prejudice, his claim for misrepresentation and filed a motion to dismiss Lewis's counterclaim. The court granted Desu's motion, dismissing Lewis's counterclaim. On March 6, 2013, the trial court conducted a bench trial on Desu's remaining claim for breach of contract. At the conclusion of trial, the court entered judgment in Desu's favor but made no award of attorney's fees as provided for in the Agreement. This appeal follows.

## STANDARD OF REVIEW

We will affirm the trial court's judgment in a bench-tried case if it is supported by substantial evidence, it is not against the weight of the evidence, and does not erroneously declare or apply the law. OHM Properties, LLC v. Centrec Care, Inc., 302 S.W.3d 170, 172-173 (Mo. App. E.D. 2009). Whether a trial court has authority to award attorney's fees is a question of law, which we review de novo. Lorenzini v. Short, 312 S.W.3d 467, 472-473 (Mo. App. E.D. 2010).

## DISCUSSION

Desu contends the trial court erred in failing to award him attorney's fees because he was entitled to such fees as the prevailing party pursuant to the terms of the contract. We agree.

2

When a contract provides for payment of attorney's fees and costs expended to enforce the contract, a trial court is required to award such fees and costs to the prevailing party. Schnucks Carrollton Corp. v. Bridgeton Health & Fitness, Inc., 884 S.W.2d 733, 739 (Mo App. 1994). This Court has defined a "prevailing party" for purposes of a contractual award as "the party prevailing on the main issue in dispute, even though not necessarily to the extent of its original contention." Ken Cucchi Const., Inc. v. O'Keefe, 973 S.W.2d 520, 528 (Mo. App. E.D. 1998).

Here, Desu sought damages for Lewis's breach of the Agreement as well as an award of attorney's fees. At trial, Desu submitted the Agreement into evidence. The Agreement contains language that states: "In the event of litigation between the parties, the prevailing party shall recover, in addition to damages or equitable relief, the cost of litigation including reasonable attorney's fees". In addition to damages for the return of his earnest money and equipment, which Desu valued at $900, Desu submitted evidence of his fees through his attorney's verified, itemized statement totaling $9,359.50. At the close of evidence, the trial judge stated on the record that he planned to "enter a judgment in favor of [Desu], and it's going to be for $8,450." He further explained that the award would include the $8,000 in earnest money and that the parties would "split the difference" on the value of the equipment. The judge clarified that Lewis "is going to pay [Desu] his $8,000, back plus $450." The court then entered written judgment "in favor of [Desu] against defendant Frederick Lewis in the amount of $8,450.00." Yet the judgment is silent with respect to attorney's fees.

In this case, even though Desu did not recover the amount of money he originally sought under his claim for breach of contract, he was successful in recovering a portion

of his claim regarding the main issue in dispute, the return of his earnest money. Thus, Desu is the prevailing party and he is entitled to "reasonable attorney's fees for that part of the action" seeking the return of his earnest money and damages for the value of his equipment. Schnucks, 884 S.W.2d at 740.[1] Accordingly, the trial court erred in failing to award Desu reasonable attorney's fees on his claim for breach of contract with respect to the return of his earnest money and his equipment. Point granted.

CONCLUSION

We affirm in part but reverse with respect to the trial court's failure to award Desu his costs and attorney's fees. We remand to the trial court for its determination of an award to Desu of reasonable attorney's fees in a manner consistent with this opinion.[2]

_____
Lisa S. Van Amburg, Presiding Judge


Patricia L. Cohen, Judge, and
Philip M. Hess, Judge, concur.

---

[1] Desu is not, however, entitled to recover attorney's fees with respect to any fees associated with the remaining damages that he claimed, since he did not prevail on these claims. See Ken Cucchi Constr., 973 S.W.2d at 528.

[2] "The trial court is an expert on attorney's fees and does not require any evidence or other opinion as to their value." Schnucks, 884 S.W.2d at 740.