

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| ARROWHEAD LAKE ESTATES HOMEOWNERS ASSOCIATION, INC., ) ) ) ) | WD83019 Consolidated with WD83049 |
| Appellant-Respondent, ) ) | OPINION FILED: |
| v. ) ) | September 1, 2020 |
| AJAY AGGARWAL AND MEGHA GARG, ) ) ) | |
| Respondent-Appellants. ) ) | |

**Appeal from the Circuit Court of Boone County, Missouri
Honorable Kimberly Jane Shaw, Judge**

**Before Division One:
Thomas H. Newton, P.J., Mark D. Pfeiffer and Edward R. Ardini, Jr., JJ.**

Arrowhead Lake Estates Homeowners Association, Inc. (HOA) appeals a Boone County Circuit Court judgment that did not award the HOA attorney's fees as mandated by the Arrowhead Lake Estates Declaration of Covenants, Easements and Restrictions (Declaration) in a dispute over the construction of an unapproved pool-equipment building (building) on property owned by Drs. Ajay Aggarwal and Megha Garg (Lot Owners). We reverse and remand.

The Lot Owners submitted plans to the HOA in April 2017, seeking its approval to add a pool, hot tub, fire pit, decking, and a fence to their lakeside property in Boone County, Missouri. The next day, the HOA's architectural control committee approved the plans, and the Lot Owners responded by agreeing that any potential changes in the project would be communicated to the HOA. The HOA was not informed that changes would be made to the approved plan, but it became aware in August 2017 that the Lot Owners were constructing near the pool a building that was not part of the submitted plan. The HOA sent a cease-and-desist letter to the Lot Owners demanding that they cease construction of the building and remove it from the property.

The Lot Owners refused to do so, and the HOA filed a two-count petition for injunctive relief (1) to have the building removed and (2) for attorney's fees and costs associated with the litigation to be awarded, with the judgment constituting a lien on the Lot Owners' property. The Lot Owners filed a counter-claim, seeking a declaration as to the meaning of terms used in the HOA Declaration, under which the HOA could not prevail on a demand to remove the building. Following extensive discovery, a summary judgment motion filed by the Lot Owners, and an eight-day bench trial, the trial court ruled in the HOA's favor on both counts, ordering the removal of the unapproved building and court costs to be taxed to the Lot Owners, but refusing to award attorney's fees to the prevailing party, the HOA. The HOA appealed and the Lot Owners filed a cross-appeal, which has been consolidated with the HOA appeal. The Lot Owners have

2

abandoned the cross-appeal.[1]  The HOA has also filed a motion for attorney's fees, costs and expenses associated with proceedings before this Court; we have taken it with the case.

## Legal Analysis

The HOA argues that the trial court abused its discretion by not awarding it prevailing-party attorney's fees and litigation expenses because the Declaration that binds the parties requires such an award to be made.

> An action seeking injunctive relief is an action in equity.  In a court-tried equity case, the trial court's judgment will be upheld unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law.  To the extent that the trial court's grant of injunctive relief involves weighing the evidence, determining the credibility of witnesses, and formulating an injunction of the appropriate scope, the appellate court reviews for abuse of discretion. However, questions of law are reviewed de novo.

*Lake at Twelve Oaks Home Ass'n v. Hausman*, 488 S.W.3d 190, 195 (Mo. App. W.D. 2016).  As the only remaining issue on appeal is the interpretation of the Declaration, our review is *de novo*.  *See Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517, 522 (Mo. App. W.D. 2007) (interpretation of a contract is a question of law that we review *de novo* on appeal).

According to the Missouri Supreme Court, a declaration "is simply a contract" and "[i]n an unambiguous contract, the intent of the parties is to be

---

[1] The notice of appeal indicated that the Lot Owners intended to challenge the injunctive relief granted by the trial court.

discerned from the contract alone." *DeBaliviere Place Ass'n v. Veal*, 337 S.W.3d 670, 676 (Mo. banc 2011).

The Declaration allows the recovery of attorney's fees when the HOA brings an action at law or in equity to enforce the covenants and conditions. Specifically, subparagraph 18d(2) of the Declaration, which the HOA cited in the petition, states,

> Each Party shall bear all of its own costs (including the fees of its attorney or other representative) incurred after the Termination of Mediation under subparagraph (c), (3), and shall share equally in the costs of conducting any voluntary arbitration proceeding (collectively "Post Mediation Costs"), except as otherwise provided in this Declaration; provided, however, **if the Claim is litigated in whole or in part, the prevailing party shall be entitled to receive an aware [sic] of attorney's fees and court costs as deemed appropriate by a court of competent jurisdiction.**

(emphasis added).[2]

"Missouri follows the 'American Rule,' meaning that each party generally pays for its own attorney fees. However, [a]ttorney fees are recoverable in two situations: when a statute specifically authorizes recovery and when the contract provides for attorney fees." *Scheck Indus. Corp. v. Tarlton Corp.*, 435 S.W.3d 705, 732 (Mo. App. E.D. 2014) (citations omitted). The request for attorney's fees must include the basis for the award under the relevant statute or

---

[2] The HOA also references paragraph 20 of the Declaration as another provision authorizing the recovery of attorney's fees. That provision is not relevant to this proceeding, however, as that provision relates to the recovery of attorney's fees by a party in its capacity as a lot owner. Here, the allegations of the petition and every step the HOA took in the trial proceeding were always in the capacity as the HOA (enforcing the Declaration's provisions) and not as a lot owner. Hence, the only attorney's fees provision applicable to the current proceeding is paragraph 18d(2) of the Declaration.

4

contract. *Ruby v. Troupe*, 580 S.W.3d 112, 115 (Mo. App. W.D. 2019) (noting that pleading must allege facts that would support fee award under applicable statute or contract). Here, the HOA argues that because the Declaration states that a prevailing party "shall" be entitled to attorney's fees and because it prevailed, reasonable attorney's fees must be awarded. In this regard, the HOA cites *Desu v. Lewis*, 427 S.W.3d 843, 844-45 (Mo. App. E.D. 2014), to support its claim that a trial court commits error when not awarding attorney's fees where a contract provides for their payment. *Id.* at 845 ("The Agreement contains language that states: 'In the event of litigation between the parties, the prevailing party shall recover, in addition to damages or equitable relief, the cost of litigation including reasonable attorney's fees'."); *see also Brown v. Brown-Thill*, 437 S.W.3d 344, 346 (Mo. App. W.D. 2014) (finding award mandatory where agreement between the parties stated, "If either party pursues any claim, dispute, or controversy against the other in a proceeding other than the arbitration provided herein, the responding party shall be entitled to dismissal or injunctive relief regarding such action and recovery of all costs, losses, and attorneys' fees relating to such action."); *Midland Prop. Partners, LLC v. Watkins*, 416 S.W.3d 805, 819 (Mo. App. W.D. 2013) (holding that contract must provide expressly for attorney's fees to justify departure from the American Rule, and, with agreement allowing the recovery of "costs" only, lower court erred in awarding attorney's fees). As set forth above, the relevant contractual provision of the Declaration, paragraph 18d(2), expressly states that the prevailing party "shall

be entitled to an awar[d] of attorney's fees and court costs as deemed appropriate by a court of competent jurisdiction."

Adhering to the Declaration language and giving paragraph 18d(2) its plain and unambiguous meaning, we conclude that the Declaration includes both a *mandatory* requirement and a *discretionary* component to that requirement. The mandatory and non-discretionary phrase is that "the prevailing party **shall** be entitled to receive an awar[d] of attorney's fees and court costs." (emphasis added). Thus, the trial court had no discretion and was required to make an award of attorney's fees and court costs to the prevailing party; here, the HOA. As to the amount of that mandatory award, however, paragraph 18d(2) obligates the trial court to award only such sum of attorney's fees as it deems "appropriate." Accordingly, as the trial court has no discretion but to make an attorney's fees award under the Declaration's terms, the judgment must be reversed and remanded. This point is granted and, upon remand, the trial court is directed to make an award of attorney's fees to the HOA "as deemed appropriate" by the trial court.[3]

---

[3] The HOA submitted an affidavit to the trial court requesting $83,677.60 for attorney's fees, costs, and litigation expenses incurred during the trial stage of this proceeding and has submitted an additional request for attorney's fees incurred on appeal. In our remand order, we make no statement as to what amount of attorney's fees at trial or on appeal is "appropriate" as considered by the trial court, only that the trial court is obligated to make an award of attorney's fees to the HOA as the prevailing party.

6

## Conclusion

Finding that the trial court did not adhere to the plain and unambiguous contractual terms of the Declaration, we reverse and remand for the trial court to make an award of attorney's fees to the HOA. In so doing, the trial court is required to award only such sum of attorney's fees "as deemed appropriate." We also grant the HOA's motion for attorney's fees and court costs incurred on appeal, but remand for the trial court to determine under the Declaration the amount of fees on appeal it deems appropriate.

/s/ *Thomas H. Newton*

Thomas H. Newton, Presiding Judge

Mark D. Pfeiffer and Edward R. Ardini, JJ. concur.