

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| ARROWHEAD LAKE ESTATES HOMEOWNERS ASSOCIATION, INC., | ) ) ) | *Opinion issued June 15, 2021* |
| Appellant, | ) ) | |
| v. | ) ) | No. SC98772 |
| AJAY AGGARWAL and MEGHA GARG, | ) ) ) | |
| Respondents. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY**
The Honorable Kimberly Shaw, Judge

Arrowhead Lake Estates Homeowners Association, Inc. (hereinafter, "Arrowhead Lake") appeals from the circuit court's judgment declining to award it attorney's fees.[1] Arrowhead Lake asserts it is entitled to attorney's fees based upon the language of the "Declaration of Covenants, Easements, and Restrictions of Arrowhead Lake Estates Subdivision" (hereinafter, "the Declaration"). The circuit court's judgment is affirmed.[2]

---

[1] Based upon the operative language of the documents in this case, this Court will use the term "attorney's fees" for consistency, although the preference is "attorney fees."
[2] This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution because it granted transfer after opinion by the court of appeals.

**Factual and Procedural History**

Drs. Ajay Aggarwal and Megha Garg (hereinafter and collectively, "Homeowner") own property in Arrowhead Lake Estates. All of the property in Arrowhead Lake Estates is subject to the Declaration. In April 2017, Homeowner submitted plans to Arrowhead Lake for approval of additional exterior features, including a swimming pool, a hot tub, a fire pit, a fence, and decking. Arrowhead Lake approved Homeowner's plans and communicated that, if there were additional changes, Arrowhead Lake would need to be informed and the changes would need to be approved.

In August 2017, Arrowhead Lake learned Homeowner was constructing a swimming pool building that was not part of the original plan submitted. Arrowhead Lake sent a cease-and-desist letter, demanding Homeowner stop construction and remove the building from the property. Homeowner refused.

Arrowhead Lake filed a petition in the circuit court for injunctive relief. Arrowhead Lake sought to have the unapproved building removed and to be awarded attorney's fees and costs associated with the litigation.

Following a bench trial, the docket sheets state the circuit court considered all of the evidence and made the preliminary injunction permanent. Further, both parties were ordered to pay their own attorney's fees. The docket sheets then state the circuit court clarified its judgment, finding in Arrowhead Lake's favor on all counts and ordering Homeowner to pay $83,677.60 in attorney's fees. Arrowhead Lake and Homeowner filed motions for amendment and clarification of the judgment and proposed judgments. The docket sheets then indicate the circuit court reviewed both parties' motions for

2

amendment and clarification of the judgment and determined each party should bear its own attorney's fees. The circuit court then adopted Arrowhead Lake's proposed judgment, but physically placed a series of "x"s over the line awarding it attorney's fees. The circuit court ordered Homeowner to remove the unapproved building and taxed all of the court costs to Homeowner. The circuit court did not award Arrowhead Lake attorney's fees. Arrowhead Lake appeals.[3]

## Request for Attorney's Fees

Generally, not every successful litigant is awarded attorney's fees. *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 431 (Mo. banc 2013). "Missouri courts follow the American Rule, which provides that, in the absence of statutory authorization or contractual agreement, with few exceptions, parties bear the expense of their own attorney fees." *Wilson v. City of Kan. City*, 598 S.W.3d 888, 896 (Mo. banc 2020). Arrowhead Lake argues the circuit court abused its discretion in not awarding it attorney's fees and litigation expenses because the Declaration provides prevailing parties are entitled to attorney's fees and litigation expenses.[4]

The Declaration is a contract. *DeBaliviere Place Ass'n v. Veal*, 337 S.W.3d 670, 676 (Mo. banc 2011). Accordingly, contract law principles apply when interpreting the Declaration. *Trs. of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 585 S.W.3d 269, 280 (Mo. banc 2019). In interpreting the Declaration, this Court seeks to determine

---

[3] Homeowner also filed a notice of appeal, but the cross-appeal was abandoned.
[4] Arrowhead Lake also filed a motion for attorney's fees on appeal, which was taken with the case. The motion for attorney's fees on appeal is overruled.

"the intent of the parties and give effect to that intention." *Veal*, 337 S.W.3d at 676. To ascertain the parties' intent, contract language is given its plain, ordinary, and usual meaning. *6 Clayton Terrace, LLC*, 585 S.W.3d at 280. "When a contract is unambiguous, the intent of the contract is discerned solely from the contract's language." *Arbors at Sugar Creek Homeowners Ass'n v. Jefferson Bank & Tr. Co.,* 464 S.W.3d 177, 183 (Mo. banc 2015). "Additionally, each term of a contract is construed to avoid rendering other terms meaningless." *Dunn Indus. Grp., Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc 2003).

Arrowhead Lake states there are two Declaration provisions entitling it to receive attorney's fees, costs, and litigation expenses.[5] Arrowhead Lake argues it was the prevailing party, and the circuit court's failure to award it attorney's fees, costs, and litigation expenses was erroneous.

*Section 18(d) Allocation of Costs Resolving Claims*

Arrowhead Lake argues because the Declaration uses mandatory language to provide for the prevailing party's attorney's fees and costs, the circuit court is required to award it attorney's fees and costs. Section 18(d)(2) of the Declaration states:

> Each party shall bear their own costs (including the fees of its attorney or other representative) incurred after the Termination of Mediation under subparagraph c, (3), and shall share equally in the costs of conducting any voluntary arbitration proceeding (collectively, "Post Mediation Costs"), except as otherwise provided in this Declaration; provided, however, if the Claim is litigated in whole or in part, the prevailing party shall be entitled to receive an aware [sic] of attorney's fees and court costs as deemed appropriate by a court of competent jurisdiction.

---

[5] While Arrowhead Lake's point on appeal claims it should have been awarded litigation expenses, it never articulates a reason supporting this proposition.

4

Accordingly, the Declaration's plain language provides an exception to the American rule for attorney's fees. *Wilson*, 598 S.W.3d at 896. "Entitle" is defined as "to give a right or legal title to: qualify (one) for something : furnish with proper grounds for seeking or claiming something." WEBSTER'S NEW INTERNATIONAL DICTIONARY 758 (3d ed. 2002). This language clearly and plainly allows a circuit court to award attorney's fees and court costs to a prevailing party. The Declaration's language providing "the prevailing party shall be entitled to receive" an award qualifies the prevailing party to receive attorney's fees.

Arrowhead Lake and the dissenting opinion argue this is the end of the analysis and the circuit court is required to award attorney's fees to Arrowhead Lake. In support of its argument the circuit court erred by not awarding it attorney's fees and costs, Arrowhead Lake cites multiple cases finding a party is entitled to an award when supported by a written contract. *See Lake at Twelve Oaks Home Ass'n, Inc. v. Hausman*, 488 S.W.3d 190, 202 (Mo. App. W.D. 2016) (remanding for a judgment "for all costs, expenses, including attorney's fees, and damages"); *Desu v. Lewis*, 427 S.W.3d 843, 845 (Mo. App. E.D. 2014) (allowing litigation costs "including reasonable attorney's fees"); *Brooke Drywall of Columbia, Inc. v. Building Const. Enter., Inc.*, 361 S.W.3d 22, 27 (Mo. App. W.D. 2011) (finding the prevailing party "shall … be paid by the non-prevailing party all attorney fees" (alteration in original)); *In Their Representative Capacity as Trs. for Indian Springs Owners v. Greeves*, 277 S.W.3d 793, 800 (Mo. App. E.D. 2009) (finding a prevailing party "shall recover attorney's fees and court costs");

*Sheppard v. East*, 192 S.W.3d 518, 523 (Mo. App. E.D. 2006) (allowing recovery of "the cost of litigation including reasonable attorney's fees"); *Hills v. Greenfield Vill. Homes Ass'n, Inc.*, 956 S.W.2d 344, 350-51 (Mo. App. W.D. 1997) (reversing the denial of attorney's fees when an association agreement provided for "interest, costs, and reasonable attorney's fees of any such action shall be added to the amount of such assessment"). In all of these cases, the controlling language of each contract only stated the prevailing party shall be entitled to some monetary recovery. The shifting of attorney's fees and court costs was appropriate in those cases because the provisions provided for an award without any additional qualifying language.

However, none of these cases are germane to the dispute in this case because the contractual language does not mirror the Declaration's provision. The Declaration clearly qualifies the exception to the American rule as only allowing an award of attorney's fees and costs "as deemed appropriate" by the circuit court. None of the cases Arrowhead Lake relies upon allowed the prevailing party a monetary recovery "as deemed appropriate" by the circuit court. This distinction is significant.

Arrowhead Lake's interpretation of the Declaration leads to an absurd result because it ignores the language granting the circuit court discretion to award attorney's fees and costs.[6] As the prevailing party, the Declaration entitled Arrowhead Lake to receive an award of "attorney's fees and court costs *as deemed appropriate* by a court of

---

[6] The dissenting opinion is correct that this Court must determine the meaning of the Declaration language rather than what it thinks may be most fair. Ironically, this is exactly what the dissenting opinion has achieved by failing to consider the words as actually written in the Declaration.

competent jurisdiction." Section 18(d)(2) (emphasis added). Accordingly, Arrowhead Lake qualified for an award of attorney's fees and costs as an exception to the American Rule, but only in the amount "deemed appropriate" by the circuit court. The Declaration's language provided the circuit court the authority to award attorney's fees and costs to the prevailing party, but left to the circuit court the discretion to determine the amount of that award.[7]

Following the trial and the submission of post-trial briefs, the circuit court ruled in Arrowhead Lake's favor, ordered its preliminary injunction be made permanent, and each party to pay its own attorney's fees. Arrowhead Lake then submitted a "Motion for Amendment and Clarification of Judgment and Motion for Reconsideration" and a proposed judgment. Homeowner responded to Arrowhead Lake's motion and submitted its own proposed judgment.

The docket entry for June 19, 2019, states the circuit court clarified the judgment, ruled in Arrowhead Lake's favor and ordered Homeowner to pay Arrowhead Lake's attorney's fees. On that same day, the circuit court entered another docket entry and its written, final judgment. The docket entry notes the circuit court reviewed the post-judgment motions submitted and the proposed judgments. The circuit court again

---

[7] While the Declaration's language is clear, the dissenting opinion manufactures an ambiguity to curtail the actual analysis of the contract language. However, because the Declaration's plain language qualifies a prevailing party to received attorney's fees and costs when the circuit court deems it appropriate, this Court "must enforce the provision as written." *Davis v. Johnson Controls, Inc.*, 549 S.W.3d 32, 41 (Mo. App. E.D. 2018).

determined each party should bear its own attorney's fees. The circuit court entered its final, signed judgment, modifying Arrowhead Lake's proposed judgment.

In its final judgment, the circuit court ordered Homeowner to remove the unapproved structure, prohibited Homeowner from constructing any building or improvement without prior approval, and taxed court costs to Homeowner. Notably, the circuit court used a series of "x"s to strike out the paragraph regarding the amount of attorney's fees Homeowner would be required to pay Arrowhead Lake.

The Declaration's language required the circuit court to award attorney's fees and costs when it deemed that award would be appropriate. The record demonstrates the circuit court was appraised of this issue. The record further reflects the circuit court previously considered awarding attorney's fees to Arrowhead Lake, but that after submission of the post-trial motions and proposed judgments, the circuit court changed its decision regarding attorney's fees. The final judgment still taxed the court costs to Homeowner. The circuit court's decision-making process also is reflected by its physical modification of the proposed judgment it adopted.

Accordingly, the circuit court properly applied section 18(d)(2) by carefully considering whether it was "deemed appropriate" to award Arrowhead Lake attorney's fees and costs. While Arrowhead Lake was not awarded attorney's fees, Homeowner was ordered to pay the court costs. The circuit court did not abuse its discretion in applying section 18(d)(2) of the Declaration.

*Section 20's Additional Provisions Pertaining to Enforcement of Declaration*

Arrowhead Lake asserts it also is entitled to receive attorney's fees based upon section 20 of the Declaration. Arrowhead Lake believes section 20's "umbrella language" grants it remedies for a "lot owner's" breach of the Declaration. Alternatively, Arrowhead Lake claims section 20(b) should apply to it because Arrowhead Lake is technically a "lot owner."

Section 20 clearly allows Arrowhead Lake to enforce the Declaration's terms in state courts. Section 20 of the Declaration states:

> In addition to any rights and remedies provided under the Ordinances of Boone County, Missouri, or the laws of the state of Missouri, and subject to the requirements of [section]18 of this Declaration, the Developer, and/or the Association may enforce the rights and obligations and conditions of this Declaration against any Lot Owner through the courts of the state of Missouri ….

Section 20(b) provides:

> If any Lot Owner brings suit to enforce the terms of this Declaration against any other Lot Owner, then the prevailing party in such litigation shall be entitled to recover said prevailing party's attorney's fees, costs, litigation expenses, and other damages as to which said prevailing party is entitled, in addition to whatever equitable relief is available to said prevailing party.

The "umbrella language" of section 20 granted Arrowhead Lake the authority to pursue a remedy against Homeowner in court. Arrowhead Lake took advantage of this provision to bring suit against Homeowner.

However, the recovery of "attorney's fees, costs, litigation expenses, and other damages" as provided by section 20(b), is limited to a "lot owner." The Declaration's

9

clear intent is to provide recovery to a prevailing "lot owner" who brings suit to enforce the Declaration's terms. *Veal*, 337 S.W.3d at 676.

Arrowhead Lake is a homeowner's association and represented itself as such throughout the proceedings. Arrowhead Lake never argued it was asserting its rights under the Declaration as a "lot owner." Further, while referencing section 20 generally in its trial and post-trial briefs in the circuit court, Arrowhead Lake never crafted any argument claiming it was entitled to recovery of attorney's fees based upon its belief it was also a "lot owner." The circuit court did not abuse its discretion by failing to craft an augment *sua sponte* based upon facts that were not presented or argued. *See Sanders v. City of Columbia*, 602 S.W.3d 288, 298 (Mo. App. W.D. 2020); *Curry Inv. Co. v. Santilli*, 494 S.W.3d 18, 27 (Mo. App. W.D. 2016); *Sweet v. Sweet*, 154 S.W.3d 499, 507 (Mo. App. W.D. 2005).

### Conclusion

The circuit court's judgment is affirmed.

_____
George W. Draper III, Chief Justice

Russell, Breckenridge and Fischer, JJ., concur;
Wilson, J., dissents in separate opinion filed;
Powell, J., concurs in opinion of Wilson, J.

10



# SUPREME COURT OF MISSOURI
## en banc

ARROWHEAD LAKE ESTATES )
HOMEOWNERS ASSOCIATION, INC., )
  )
        Appellant, )
  )
v. )     No. SC98772
  )
AJAY AGGARWAL and MEGHA GARG, )
  )
        Respondents. )

### DISSENTING OPINION

The principal opinion holds that section 18(d)(2) gave the circuit court discretion to decide whether or not to award attorney fees to Arrowhead Lake Estates Homeowners Association, Inc. ("Arrowhead Lake"), i.e., the prevailing party in this litigation. I respectfully dissent because the only reasonable construction of this provision is that it requires an award of attorney fees to the prevailing party but gives the circuit court discretion in determining the amount of such an award. Accordingly, I would remand for the circuit to determine the amount of that award in this case.

Section 18(d)(2) provides that, "if the Claim is litigated in whole or in part, the prevailing party **shall be entitled** to receive an aware [sic] of attorney[] fees and court costs **as deemed appropriate by a court** of competent jurisdiction." [Emphasis added].

Plainly, the phrases "shall be entitled" and "as deemed appropriate" are in tension with each other. The first phrase appears to give the prevailing party an absolute right to an award of attorney fees and costs, but the latter phrase seems to bestow some discretion upon the circuit court. This tension renders the contractual language contradictory and, therefore, ambiguous. *Cf. Ritchie v. Allied Property & Cas. Ins. Co.*, 307 S.W.3d 132, 140 (Mo. banc 2009) ("If a contract promises something at one point and takes it away at another, there is an ambiguity.") (quotation marks omitted).

To resolve this ambiguity, this Court must give meaning to all of the language used in section 18(d)(2) and yet resolve the apparent contradiction. The Court cannot decide what it thinks the parties should have agreed upon or, worse, what arrangement appears most fair in hindsight. Instead, the Court must determine as best it can what the parties intended by the language they chose.

Fortunately, there is an obvious solution, i.e., that the phrase "shall be entitled" refers to an ***award*** of attorney fees and costs (as the provision expressly states) while the phrase "as deemed appropriate" refers to the ***amount*** of such an award. This construction gives meaning and effect to all of the language used by the parties, whereas the construction imposed in the principal opinion simply reads the first phrase out of the contract altogether.

The homeowners argue that the circuit court should be affirmed because, even assuming the construction posited in this dissent, the circuit court could have determined that the "appropriate" amount of the award of attorney fees in this case was $0.00. This argument is correct in theory, but wrong in practice (at least in this case). It is

2

conceivable that, in a particular case, the circuit court could determine that the legal services rendered by the prevailing party's attorneys had no reasonable value and, therefore, that an "appropriate" award of attorney fees would be $0.00.  But that plainly did not happen here.  Instead, the circuit court in this case made it clear that it believed an award of attorney fees was not fair in these particular circumstances because the case presented a close call on several difficult issues.  Nothing in the record suggests that the circuit court believed Arrowhead Lake was entitled to its reasonable attorney fees but that counsel was so deficient in performance that the only reasonable amount was $0.00.  Even if the circuit court had made such a finding, and it plainly did not, it would have been clearly erroneous on this record and contrary to the overwhelming weight of the evidence now appearing.

Instead, it is clear the circuit court believed it had discretion on the question of *whether* to award attorney fees and not merely on the question of *how much* that award should be, and the principal opinion affirms that conclusion.  Because Arrowhead Lake was entitled to an award of reasonable attorney fees, and because I would remand for the circuit court to determine in its discretion the amount of that award, I respectfully dissent.

_____

Paul C. Wilson, Judge

3